# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN E. ASHCRAFT,

    Plaintiff(s),

v.

WELK RESORT GROUP, CORP., et al.,

    Defendant(s).

Case No. 2:16-cv-02978-JAD-NJK

ORDER

Pending before the Court is Defendant Experian's motion to consolidate Rule 30(b)(6) depositions in five cases. Docket No. 15. Because the deposition in this case is scheduled to proceed on May 3, 2017, the Court agreed to expedite briefing and resolution of that motion. *See* Docket No. 18. Plaintiff filed a response in opposition, and Experian filed a reply. Docket Nos. 20, 21. The Court has also listened to the hearing held by United States Magistrate Judge Carl W. Hoffman on April 27, 2017, on the same motion filed in *Uehara v. TD Bank*, Case No. 2:17-cv-00190-GMN-CWH. The Court finds the motion properly decided without a hearing held in this case. *See* Local Rule 78-1.

The Court first addresses the deteriorating relationship between counsel, evidenced both by the tone of the briefing and their inability to compromise to avoid motion-work. "Obstructive refusal to make reasonable accommodation . . . not only impairs the civility of our profession and the pleasures of the practice of law, but also needlessly increases litigation expense to clients." *Hauser v. Farrell*, 14 F.3d 1338, 1344 (9th Cir. 1994). "Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention 'only in extraordinary situations that implicate truly significant interests.'" *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (quoting *In*

*re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985)). The recent amendments to the Federal Rules of Civil Procedure were intended to emphasize the importance of common sense cooperation between counsel, and to curb the culture of scorched earth litigation tactics. *See Nationstar Mtg., LLC v. Flamingo Trails No. 7 Landscape Maintenance Assoc.*, 316 F.R.D 327, 330 (D. Nev. 2016). This is most obviously evident in the amendment to Rule 1 of the Federal Rules of Civil Procedure, which now expressly requires <u>parties</u> (in addition to courts) to strive for the just, speedy, and inexpensive resolution of cases. *See Roberts v. Clark County School Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016). This Court's local rules were also amended in 2016 to make plain that "[t]he court expects a high degree of professionalism and civility from attorneys." Local Rule 1-1(c).

"The need for compliance with these obligations is especially important when a case is complex or hundreds of substantially similar cases are pending with the same attorneys. Common sense and practicality should be at the forefront of counsel's discussions." *The Bank of N.Y. Mellon v. Paradise Court Homeowners Assoc.*, 2016 U.S. Dist. Lexis 103384, at *3 (D. Nev. Aug. 5, 2016). The need for cooperation is also heightened when the dispute that has arisen would require emergency treatment if presented to the Court, such that the parties must file briefs with limited time and the Court must resolve the dispute with limited time. *Cf. Cardoza*, 141 F. Supp. 3d at 1142 ("a good faith and thorough attempt to resolve the dispute without Court intervention is even more critical when time is of the essence"); *see also id.* at 1140-41 (outlining the reasons why emergency motions are disfavored). In addition to the basic need for civility and cooperation in even the most routine case, this matter involves both of the extenuating circumstances regarding a high case volume of similar cases between counsel and the need to resolve the dispute on an emergency basis. Nonetheless, counsel have fallen below the level of cooperation and civility required of them. **<u>The Court urges counsel to reset their relationship so that they can work together more cooperatively moving forward.</u>**

Turning to the substance of the pending motion, it will be denied. Both sides agree that it would be beneficial to streamline the Rule 30(b)(6) depositions to avoid duplication and unnecessary expenditure of resources in the similar cases that are pending. The Court wholeheartedly agrees that it is preferable to not conduct a full Rule 30(b)(6) deposition in every one of these cases. The problem is that the parties cannot agree on the mechanism to achieve that end. The gist of the dispute is that

Plaintiff would like to use the testimony obtained in previous cases in these cases, while Experian would like to conduct a consolidated deposition for these cases. *Compare*, *e.g.*, Docket No. 15 at 7 *with* Docket No. 20 at 3.[1] As both sides point out in countering the other's proposal, however, there are logistical and legal complications with each proposal. By way of example, Plaintiff's proposal may enable him to cherry-pick testimony to bolster his case; Experian's proposal may hinder Plaintiff's ability to elicit testimony that fits the specific circumstances of each case.[2] While the parties have identified such problems, they have not presented the Court with concrete, workable solutions that can be implemented. It is the burden of attorneys to propose solutions to the difficulties they are facing, first through the meet-and-confer process and then to the Court if necessary. The Court declines to engage in the undertaking of formulating a solution for the attorneys.

In short, the Court agrees with both parties that streamlining the Rule 30(b)(6) depositions would be beneficial for everyone involved. Ultimately, however, neither side has persuaded the Court that its proposal is legally sound and logistically practical. Because neither party provided the Court with a workable plan to obtain the laudable objective of avoiding duplicative discovery, the Court declines to grant relief to either party. The parties' competing requests are both **DENIED**.

Counsel shall continue to meet-and-confer to find a mutually agreeable solution to their predicament. The Court is confident that the counsel can find common ground to further both of their clients' interests. In the meantime, counsel will have to continue with the case-by-case deposition practice.

IT IS SO ORDERED.

DATED: May 1, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] Plaintiff's proposal is not properly before the Court, as he did not file a motion seeking that relief.

[2] To be clear, this is by no means an exhaustive list of the problems the parties have identified with the opposing parties' proposal.