1
2
3
4
5
6
7
8 **UNITED STATES DISTRICT COURT**

9 **DISTRICT OF NEVADA**

10

11 JOHN E. ASHCRAFT,                    )
                                                      )    Case No. 2:16-cv-02978-JAD-NJK
12                    Plaintiff(s),              )
                                                      )    **ORDER**
13 v.                                              )
                                                      )    (Docket No. 40)
14 WELK RESORT GROUP, CORP, et al.,   )
                                                      )
15                    Defendant(s).           )
_____)

16          Pending before the Court is a sealing motion related to briefing on the motion for leave to amend

17 the complaint.  Docket No. 40; *see also* Docket No. 30 (motion for leave to amend).  Experian seeks to

18 keep the information secret based on the "good cause" standard applicable to "non-dispositive" motions.

19 *See* Docket No. 40 at 6 (asserting that "good cause" exists for redaction).  The Ninth Circuit has clarified

20 that  the terms "dispositive" and "non-dispositive" are not intended to be mechanical classifications.  *See*

21 *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016).  Instead, determining

22 the applicable standard is premised on "whether the motion at issue is more than tangentially related to the

23 underlying cause of action."  *Id.* at 1099.  Moreover, other courts have held that the compelling reasons

24 standard applies to motions to seal related to motions to amend the pleadings.  *See, e.g.*, *Macias v. Cleaver*,

25 2016 WL 3549257, at *3 (E.D. Cal. June 30, 2016) (citing *Whitecryption Corp. v. Arxan Techs., Inc.*, 2016

26 U.S. Dist. Lexis 31108, *3 (N.D. Cal. Mar. 9, 2016)).

27          The parties have failed to address whether the motion for leave to amend "is more than tangentially

28 related to the underlying cause of action," such that the more demanding "compelling reasons" standard

applies to the motion to seal. No later than September 8, 2017, Experian shall file a supplement explaining (1) whether the compelling reasons standard applies to the instant motion to seal and, if the Court determines that it does apply, (2) whether compelling reasons exist sufficient to justify sealing the material. Plaintiff is not required to file anything further regarding the motion to seal, but he may also file a supplement on these issues if he would like to do so, by September 8, 2017.

IT IS SO ORDERED.

Dated: August 31, 2017

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE