**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOHN E. ASHCRAFT,

    Plaintiff(s),

v.

WELK RESORT GROUP, CORP, et al.,

    Defendant(s).

Case No. 2:16-cv-02978-JAD-NJK

**ORDER**

(Docket No. 33)

Pending before the Court is a sealing motion related to briefing on the motion to strike Experian's errata to its Rule 30(b)(6) deposition testimony. Docket No. 33; *see also* Docket No. 31 (motion to strike). Experian seeks to keep the information secret based on the "good cause" standard applicable to "non-dispositive" motions. *See* Docket No. 39 at 5 (asserting that "good cause" exists for redaction). The Ninth Circuit has clarified that the terms "dispositive" and "non-dispositive" are not intended to be mechanical classifications. *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016). Instead, determining the applicable standard is premised on "whether the motion at issue is more than tangentially related to the underlying cause of action." *Id.* at 1099. In this case, the dispute to be resolved in the motion to strike relates to Experian's Rule 30(b)(6) testimony on an issue that undergirds, *inter alia*, Plaintiff's proposed class action allegations. The parties have failed to address whether the motion to strike "is more than tangentially related to the underlying cause of action," such that the more demanding "compelling reasons" standard applies to the motion to seal.

No later than September 8, 2017, Experian shall file a supplement explaining (1) whether the compelling reasons standard applies to the instant motion to seal and, if the Court determines that it does apply, (2) whether compelling reasons exist sufficient to justify sealing the material. Plaintiff is not required to file anything further regarding the motion to seal, but he may also file a supplement on these issues if he would like to do so, by September 8, 2017.

IT IS SO ORDERED.

Dated: August 31, 2017

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE