**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOHN E. ASHCRAFT,                                   )
                                                    )       Case No. 2:16-cv-02978-JAD-NJK
                          Plaintiff(s),             )
                                                    )       ORDER
v.                                                  )
                                                    )       (Docket No. 40)
WELK RESORT GROUP, CORP, et al.,                    )
                                                    )
                          Defendant(s).             )
_____           )

Pending before the Court is Defendant Experian's sealing motion related to Plaintiff's reply brief to the previous motion for leave to amend the complaint. Docket No. 40; *see also* Docket No. 26 (reply to motion for leave to amend). Plaintiff filed a response in opposition. Docket Nos. 49. No reply was filed. Pursuant to the Court's order, Defendant has filed a supplement. *See* Docket No. 56. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to seal is hereby **DENIED**.

**I.     STANDARDS**

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).

1    The standard applicable to a motion to seal turns on whether the sealed materials are submitted in

2    conjunction with a dispositive or a non-dispositive motion.   Whether a motion is "dispositive" turns on

3    "whether the motion at issue is more than tangentially related to the underlying cause of action."  *See*

4    *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied*, 137

5    S.Ct. 38 (2016).  Parties seeking to maintain the confidentiality of documents attached to non-dispositive

6    motions must make a "particularized showing" of "good cause." *See Kamakana*, 447 F.3d at 1180 (quoting

7    *Foltz*, 331 F.3d at 1137).  Parties "who seek to maintain the secrecy of documents attached to dispositive

8    motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*,

9    447 F.3d at 1180.  Those compelling reasons must outweigh the competing interests of the public in having

10   access to the judicial records and understanding the judicial process.  *Id.* at 1178-79; *see also Pintos*, 605

11   F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the

12   judicial process).

13   The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's

14   interest in disclosure and justify sealing court records exist when such 'court files might have become a

15   vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal,

16   circulate libelous statements, or release trade secrets.'" *Kamakana*, 447 F.3d at 1179 (citing *Nixon v.*

17   *Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)); *see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d

18   1214, 1221-22 (Fed. Cir. 2013) (applying Ninth Circuit law regarding competitive harm to business and

19   the definition of "trade secret").  On the other hand, "[t]he mere fact that the production of records may lead

20   to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel

21   the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

22   The burden to show compelling reasons for sealing is not met by general assertions that the

23   information is "confidential" or a "trade secret," but rather the movant must "articulate compelling reasons

24   supported by specific factual findings." *Id.* at 1178.  The Ninth Circuit has rejected efforts to seal

25   documents under the "compelling reasons" standard based on "conclusory statements about the contents

26   of the documents–that they are confidential and that, in general," their disclosure would be harmful to the

27   movant. *Kamakana*, 447 F.3d at 1182; *see also Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist

28   Lexis 68298, *5-6 (D. Nev. May 14, 2013) (finding insufficient general assertions regarding confidential

1  nature of documents).  Such "conclusory offerings do not rise to the level of 'compelling reasons'

2  sufficiently specific to bar the public access to the documents." *Kamakana*, 447 F.3d at 1182.  In allowing

3  the sealing of a document, the Court must "articulate the basis for its ruling, without relying on hypothesis

4  and conjecture." *See, e.g.*, *Pintos*, 605 F.3d at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434

5  (9th Cir. 1995)).

6  Lastly, any request to seal documents must be "narrowly tailored" to remove from the public sphere

7  only the material that warrants secrecy. *E.g.*, *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)

8  (citing *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501 (1986)).  As a corollary, to the extent

9  any confidential information can be easily redacted while leaving meaningful information available to the

10  public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331

11  F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir.

12  2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

13  **II.    ANALYSIS**

14  The pending motion seeks to redact parts of an exhibit to the reply brief to Plaintiff's motion for

15  leave to amend the complaint. *See* Docket No. 26-1.  As an initial matter, Defendant disputes the standard

16  applicable to its request.  Other courts have held that motions to amend the pleadings are subject to the

17  stringent compelling reasons standard because they are more than tangentially related to the underlying

18  cause of action. *See, e.g.*, *Macias v. Cleaver*, 2016 WL 3549257, at *3 (E.D. Cal. June 30, 2016) (citing

19  *Whitecryption Corp. v. Arxan Techs., Inc.*, 2016 U.S. Dist. Lexis 31108, *3 (N.D. Cal. Mar. 9, 2016)).

20  Defendant argues that such a standard does not apply when the motion for leave to amend has been denied.

21  *See* Docket No. 56 at 3-4.  As a procedural matter, Defendant fails to explain why a Court must decide an

22  underlying motion before determining the applicable standard for resolving the administrative matter

23  regarding sealing.  Moreover, Defendant has failed to cite any legal authority making this distinction in

24  determining the standard applicable to a motion to seal.  At any rate, the Court would reach the same

25  conclusion in this case under either standard, and therefore need not conclusively resolve the issue here.

26  There is a basic, threshold problem with Defendant's request to seal.  While the pending motion and

27  attached declaration indicate that the information at issue is highly sensitive and that Defendant believes

28

3

it is very important to keep it confidential,[1] Defendant's conduct in this case is completely contrary to that assertion. In particular, Plaintiff filed the deposition transcript at issue on the public docket on May 30, 2017. Docket No. 26-1. While Defendant contends that the deposition transcript was automatically subject to the stipulated protective order because the testimony relates to underlying documents that were designated as confidential, Docket No. 40 at 3, Defendant did not seek immediate relief to seal the transcript when it was filed publicly. Instead, Defendant made formal confidentiality designations thereafter on June 14, 2017, *see id.* at 4, and waited another two weeks to meet-and-confer on the issue on June 26, 2017, *see id.* Defendant threatened to file the instant motion to seal on June 30, 2017, *see id.*, but then waited another month to actually file it on July 28, 2017. Hence, Defendant waited two months to seek sealing of the transcript despite it being available to the public during that period. Moreover, when the motion to seal was finally filed, it was not filed as an emergency matter requiring expedited treatment. *Compare* Docket No. 40 *with* Local Rule 7-4 (outlining procedures for seeking expedited relief). As a result, the motion was briefed pursuant to the weeks' long default briefing schedule, and resolved in the ordinary course. *See* Local Rule 7-2. In short, Defendant's conduct ensured that the deposition testimony it claims is highly sensitive remained publicly available for more than three months, allowing further dissemination and hindering the ability of the Court to make that now-public information secret.[2] Such

---

[1] The declaration is not persuasive in that it attests to the sensitive nature of the <u>underlying documents</u> without indicating that the specific <u>deposition testimony</u> now in dispute is itself also commercially sensitive. *See* Docket No. 40-1. Whether the underlying documents are confidential is not the issue before the Court, but rather whether the deposition testimony is sufficiently confidential to warrant secrecy. In this regard, the declaration appears in significant ways completely inapposite to the deposition testimony that is actually at issue. *See, e.g.*, *id.* at ¶ 8 (asserting that the D/R logs are confidential because they contain particular confidential information, such as personal identification numbers, but failing to identify any such information in the deposition transcript at issue).

[2] As a practical matter, courts may lack the power to make secret again information that has been publicly disclosed. *See, e.g.*, *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2012 WL 1432519, at *2-7 (D. Ariz. Apr. 25, 2012). Nonetheless, contrary to Plaintiff's counsel's assertions, Docket No. 49 at 3-4, the Court has not indicated that there are no circumstances in which it would seal a document that was improperly filed on the public docket, especially when it is filed publicly by an opposing party. In the case cited by Plaintiff's counsel, the plaintiff's medical information was publicly disclosed jointly by both *her own counsel* and by opposing counsel, and the Court denied the request to seal that medical information *without prejudice*. *Florence v. Cenlar Federal Savings & Loan*, 2017 U.S. Dist. Lexis 73428, at *4, 5 (D.

conduct is antithetical to Defendant's protestations that secrecy of the information is warranted, and defeats its argument that good cause or compelling reasons exist to redact the transcript.

## III. CONCLUSION

For the reasons discussed above, the motion to seal is hereby **DENIED**.

IT IS SO ORDERED.

Dated: September 12, 2017

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

Nev. May 15, 2017); *see also Florence v. Cenlar Fed. Savings & Loan*, Case No. 2:16-cv-00587-GMN-NJK, Docket No. 153 at 12, 13 (D. Nev. Apr. 28, 2017) (joint motion to seal that itself publicly revealed the plaintiff's medical conditions and was signed by the plaintiff's counsel). Indeed, when that medical information had been inadvertently filed by opposing counsel on the public docket previously, it "was sealed after the fact" so that a showing could be made whether it should remain sealed. *Florence*, 2017 U.S. Dist. Lexis 73428, at *5 (addressing previous filing). Plaintiff's counsel is plainly wrong in asserting that this Court has indicated that his own public filing of another party's information "entitle[s]" him to publicly disclose that information at will thereafter, notwithstanding any confidentiality issues. *See* Docket No. 49 at 5. This Court has never so concluded, and to hold otherwise would create an end-run in which a party could eviscerate the opposing party's confidentiality concerns by himself filing the information publicly, and then claiming it cannot be made secret again.

Given Defendant's conduct after Plaintiff's public filing of the deposition transcript in this case, however, the Court need not address whether it would have permitted redaction of that transcript had Defendant acted in a manner consistent with its assertions that the information at issue warrants secrecy by promptly filing a motion to seal supported by a sufficient declaration.