# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN E. ASHCRAFT,

        Plaintiff(s),

v.

WELK RESORT GROUP, CORP, et al.,

        Defendant(s).

Case No. 2:16-cv-02978-JAD-NJK

**ORDER**

(Docket No. 31)

Rule 30(e) of the Federal Rules of Civil Procedure provides a mechanism by which a deponent may review her testimony and make changes to it. In 2005, the Ninth Circuit addressed the permissible scope of such changes, explaining that they may include "corrective, and not contradictory, changes." *Hambleton Bros. Lumber Co. v. Balkin Enterps., Inc.*, 397 F.3d 1217 (9th Cir. 2005). Judges within this District have not yet been tasked with applying this standard. Moreover, although other district courts within the Ninth Circuit have had the opportunity to do so, they have struggled to interpret and apply this standard in a uniform manner. Given these circumstances and the parties' significantly different views of governing law, the Court will provide a fulsome explanation of its understanding of the permissible scope of Rule 30(e) changes.

## I. BACKGROUND

Pending before the Court is Plaintiff's motion to strike Defendant Experian's changes to the transcript of its Rule 30(b)(6) deposition. Docket No. 31. Experian filed a response in opposition, and

Plaintiff filed a reply. Docket Nos. 35, 42. The Court held a hearing on the motion on September 25, 2017. Docket No. 61; *see also* Docket No. 63 (hearing transcript).

As noted above, the instant dispute arises out of Experian's Rule 30(b)(6) deposition. Anna Simmons appeared as Experian's Rule 30(b)(6) deponent. *See* Depo. Tr. at 6 (Docket No. 32-1). Ms. Simmons has been employed by Experian for roughly 15 years. *See, e.g.*, Hearing Tr. at 60. Ms. Simmons has been deposed several times previously, Depo. Tr. at 6-7, and has acted as a Rule 30(b)(6) deponent for Experian for several years, *id.* at 8. Indeed, Ms. Simmons has been deposed in that capacity by Plaintiff's counsel in several other cases. *See id.* at 9-10. At the deposition in this case, Ms. Simmons indicated that she was prepared to testify as a Rule 30(b)(6) deponent in a manner that binds Experian. *Id.* at 13-14.

The deposition of Experian vis-à-vis Ms. Simmons proceeded. Experian's attorney did not conduct cross-examination of Ms. Simmons following completion of questioning by Plaintiff's counsel. *See, e.g.*, *id.* at 255. After the deposition, Experian submitted 25 changes to Ms. Simmons' testimony, 17 of which are currently in dispute. *See* Mot. at 7-10; *see also* Docket No. 31-2 at 4-5. Some of the disputed changes seek to entirely remove portions of Ms. Simmons' testimony. *See id.* at 9. Some of the disputed changes seek to directly contradict Ms. Simmons' testimony, including changing answers from "yes" to "no," or vice versa, or dropping a "not" from her answer. *Id.* at 8-10. Still other disputed changes attempt to alter Ms. Simmons' testimony about Experian's "policy" to testimony about what Experian does "in some circumstances." *Id.* at 8-9. The reasons stated for the changes are (1) the "non-responsive" nature of Ms. Simmons' answers and (2) the need to provide "accuracy" and/or "clarification." *Id*. at 8-10 With respect to at least one change, Experian further explains that the change was made upon "further research" following the deposition. *Id.* at 8. This "further research" appears to have involved only the review of documents already produced in this litigation. Docket No. 31-4 at 2-3.

**II.     STANDARDS**

The Federal Rules of Civil Procedure provide that, "[o]n request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which: (A) to review the transcript or recording; and (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e)(1).

Although the text of Rule 30(e) provides that changes may be "in form or substance" and indicates that "reasons" must be identified for making those changes, the Rule itself does not otherwise address the proper scope of changes allowed and the type of reasons that are sufficient to make changes. The Ninth Circuit has had one occasion to address those issues:

> A statement of reasons explaining corrections is an important component of errata submitted pursuant to FRCP 30(e), because the statement permits an assessment concerning whether the alterations have a legitimate purpose. The magistrate judge was troubled by the deposition corrections' seemingly tactical timing—the corrections were submitted only after Ballinger's motion for summary judgment was filed—and by their extensive nature. The absence of any stated reasons for the changes supports the magistrate judge's concern that the "corrections" were not corrections at all, but rather purposeful rewrites tailored to manufacture an issue of material fact regarding Ballinger and to avoid a summary judgment ruling in his favor. Under our "sham" affidavit rule, "a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir.1991). We think this type of "sham" correction is akin to a "sham" affidavit. While the language of FRCP 30(e) permits corrections "in form or substance," this permission does not properly include changes offered solely to create a material factual dispute in a tactical attempt to evade an unfavorable summary judgment. *Cf. Combs v. Rockwell Int'l Corp.,* 927 F.2d 486, 488–89 (9th Cir.1991) (dismissing with prejudice and granting Rule 11 sanctions against a party and its counsel because the attorney, in an effort to avoid summary judgment, made substantive changes to the party's deposition testimony in violation of FRCP 30(e)). The Tenth and Seventh Circuits have interpreted FRCP 30(e) similarly. *See, e.g., Burns v. Bd. of County Comm'rs,* 330 F.3d 1275, 1281–82 (10th Cir.2003) ("We see no reason to treat Rule 30(e) corrections differently than affidavits, and we hold that Burns's attempt to amend his deposition testimony must be evaluated under [the sham affidavit doctrine]."); *accord Garcia v. Pueblo Country Club,* 299 F.3d 1233, 1242 n. 5 (10th Cir.2002) ("'The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.'") (quoting *Greenway v. Int'l Paper Co.,* 144 F.R.D. 322, 325 (W.D.La.1992)); *Thorn v. Sundstrand Aerospace Corp.,* 207 F.3d 383, 389 (7th Cir.2000) ("We also believe, by analogy to the cases which hold that a subsequent affidavit may not be used to contradict the witness's deposition, that a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a 'not.'") (citations omitted). We agree with our sister circuits' interpretation of FRCP 30(e) on this point, and hold that Rule 30(e) is to be used for corrective, and not contradictory, changes.

*Hambleton*, 397 F.3d at 1224-26 (internal footnote omitted). In short, the Ninth Circuit explained that Rule 30(e) changes (1) must have a legitimate purpose, (2) must not be used as a sham solely to create a material issue of fact to evade summary judgment, and (3) must not be used to alter what was actually said under oath. The Ninth Circuit then articulated a standard, indicating that Rule 30(e) changes are "to be used for corrective, and not contradictory, changes." *Id.* at 1226.

As a threshold matter, Experian argues that the Court should disregard this standard and should conclude instead that any change is permissible so long as the deponent has adhered to the technical requirements outlined in Rule 30(e). Resp. at 2, 9.[1] Experian is correct that the Ninth Circuit in *Hambleton* elsewhere addressed procedural deficiencies with the changes made in that case. *See* 397 F.3d at 1224, 1226. Nonetheless, Experian fails to explain in a persuasive manner why the existence of procedural deficiencies in that case nullifies the Ninth Circuit's discussion of the substantive scope of Rule 30(e) changes. "[N]othing in *Hambleton Bros.* suggests that the Ninth Circuit's holding should be limited to the unique facts of that case. Rather, the Ninth Circuit unambiguously, and without qualification, held that 'Rule 30(e) is to be used for corrective, and not contradictory, changes.'" *Azco Biotech Inc. v. Qiagen, N.V.*, Case No. 12-cv-2599-BEN (DHB), 2015 WL 350567, *4 (S.D. Cal. Jan. 23, 2015). The Court declines Experian's invitation to ignore the Ninth Circuit's direction as to the proper scope of Rule 30(e) changes.

Having resolved Experian's threshold argument, the Court turns to the substantive scope of permissible Rule 30(e) changes. The standard of allowing "corrective, and not contradictory, changes" is not entirely self-explanatory. The parties urge the Court to interpret that standard differently, with each party's position supported by varying decisions from district courts within the Ninth Circuit. Those district courts, in turn, have interpreted *Hambleton* in varying ways by seizing on different aspects of the above discussion. These decisions generally fall within three groups. The initial part of *Hambleton*'s discussion addresses the impropriety of using Rule 30(e) changes in a manner akin to a sham affidavit designed to avoid summary judgment, and some district courts have found Rule 30(e) changes should be stricken only when they constitute an improper tactic akin to a sham affidavit. *See, e.g.*, *Peterson v. Alaska Comm's Sys.*

---

[1] Rule 30(e) outlines several procedural requirements, including that changes must be accompanied by a statement of "reasons." Fed. R. Civ. P. 30(e)(1)(B). The reasons provided by Experian are skimpy, sometimes consisting of a single word like "accuracy." *See* Mot. at 8-10. It is not settled "how expansive or descriptive a statement of reasons must be to satisfy Rule 30(e)." *Greer v. Pac. Gas & Elec. Co.*, Case No. 1:15-cv-01066-EPG, 2017 WL 2389567, *3 (E.D. Cal. June 1, 2017). Nonetheless, at least one court has flatly rejected conclusory statements, such as a need "[t]o clarify the record." *Mata v. Caring You Home Health, Inc.*, 94 F. Supp. 3d 867, 872 (S.D. Tex. 2015). Plaintiff notes the vague and unelaborated nature of the reasons provided by Experian, *see, e.g.*, Mot. at 7, but he does not argue in direct fashion that the statement of reasons fails as conclusory. As such, the Court will not reach that issue. Moreover, Plaintiff does not challenge Experian's compliance with the other procedural requirements established by Rule 30(e), so the Court assumes without deciding that Experian complied with all other procedural requirements.

4

*Group, Inc.*, Case No. 3:12-cv-00090-TMB, 2017 WL 2332859, at *2 (D. Alaska Mar. 23, 2017); *Ochoa v. McDonald's Corp.*, Case No. 14-cv-02098-JD, 2015 WL 13079032, at *1 (N.D. Cal. June 2, 2015); *Torres v. Mercer Canyons, Inc.*, Case No. 1:14-cv-03032-SAB, 2015 WL 12868078, at *1 (E.D. Wash. May 29, 2015); *Weekes v. Ohio Nat'l Life Assur. Corp.*, Case No. 1:10-cv-0566-BLW, 2011 WL 6140967, at *3-4 (D. Id. Dec. 9, 2011); *BNSF Ry. Co. v. San Joaguin Valley R.R. Co.*, Case No. 1:08-cv-01086-AWI-SMS, 2009 WL 3872043, at *7-8 (E.D. Cal. Nov. 17, 2009); *Paige v. Consumer Programs, Inc.*, Case No. CV 07-2498-FMC (RCx), 2008 WL 2491665, at *3-4 (C.D. Cal. May 13, 2008). The latter part of *Hambleton*'s discussion agrees with appellate case law from other circuits rejecting the use of Rule 30(e) to alter deposition testimony actually given, and some district courts have refused to permit Rule 30(e) changes that alter the substance of deposition testimony in a contradictory manner except when correcting transcription errors. *See, e.g.*, *Parker v. Comcast Cable Commc'ns Mgmt., LLC*, Case No. 3:15-cv-05673-TEH (KAW), 2017 WL 1758086, at *1-2 (N.D. Cal. May 5, 2017); *Gebrekiros v. Skywest Airlines, Inc.*, Case No. C15-0210-JCC, 2016 WL 1643994, at *3 (W.D. Wash. Apr. 26, 2016); *Ioane v. Spjute*, Case No. 1:07-cv-0620 AWI GSA, 2016 WL 1573184, at *4 (E.D. Cal. Apr. 19, 2016); *Azco Biotech*, 2015 WL 350567, at *3-4 & n.5; *In re Cathode Ray Tube (CRT) Antitrust Litig.*, Case No. 3:07-cv-05944SC, 2014 WL 12647874, at *2 (N.D. Cal. Dec. 12, 2014); *MGA Ent't, Inc. v. Nat'l Prods. Ltd.*, Case No. CV 10-07083-JAK (SSx), 2012 WL 12886204, at *1-2 (C.D. Cal. Apr. 12, 2012); *Tourgeman v. Collins Fin'l Servs., Inc.*, Case No. 08-cv-1392 JLS (NLS), 2010 WL 4817990, at *2 (S.D. Cal. Nov. 22, 2010); *Teleshuttle Techs. LLC v. Microsoft Corp.*, Case No. C04-02927 JW(HRL), 2005 WL 3259992, at *2 (N.D. Cal. Nov. 29, 2005). Still other district courts have viewed the former and latter parts of *Hambleton*'s discussion as alternative standards, indicating that Rule 30(e) changes are impermissible if they are either being made as a sham or if they are made in a fashion that contradicts the testimony actually given. *See, e.g.*, *Mullins v. Premier Nutrition Corp.*, 178 F. Supp. 3d 867, 902 (N.D. Cal. 2016); *Karpenski v. Am. Gen. Life Cos.*, 999 F. Supp. 2d 1218, 1224 (W.D. Wash. 2014); *Greer*, 2017 WL 2389567, at *4; *Adidas Am., Inc. v. Skechers USA, Inc.*, Case No. 3:15-cv-01741-HZ, 2017 WL 2379862, at *2 (D. Or. Jan. 30, 2017); *Lee v. The Pep Boys-Manny Moe & Jack of Cal.*, Case No. 12-cv-05064-JSC, 2015 WL 6471186, *1-2 (N.D. Cal. Oct. 27, 2015); *Lewis v. The CCPOA Benefit Trust Fund*, Case No. C-08-03228-VRW (DMR), 2010 WL 3398521, at *3 (N.D. Cal. Aug. 27, 2010).

As an initial matter, the Court recognizes that the two standards espoused by these cases are conceptually and practically distinct. For example, the "sham affidavit" standard requires not only that a affidavit is contradictory of prior testimony, but also that the contradiction is being made in an attempt to "create" a material issue of fact. *See, e.g.*, *Kennedy*, 952 F.2d at 267. Hence, the sham affidavit standard requires an examination of a party's actions to determine whether the party is correcting an "honest" mistake or improperly attempting to create a material issue of fact. *See id.* On the other hand, the second standard prohibits "alter[ing] what was said under oath" because "[a] deposition is not a take home examination." *Hambleton*, 397 F.3d at 1225 (quoting *Garcia*, 299 F.3d at 1242 n.5). That standard is not concerned with whether the deponent's contradictory changes reflect an "honest" mistake, but rather in practice limits such changes to those correcting stenographic errors made by the court reporter. *Id.* (quoting *Thorn*, 207 F.3d at 389).

While the Court appreciates these distinctions, these standards are not necessarily incompatible and can instead be properly utilized in a consistent manner depending on the stage of litigation at which the Rule 30(e) changes are being challenged. As a starting point, the Ninth Circuit unequivocally rejected the use of Rule 30(e) to alter the testimony that was actually given at the deposition. To that end, the Ninth Circuit quoted and expressly agreed with the Tenth Circuit's conclusion that "[t]he Rule cannot be interpreted to allow one to alter what was said under oath." *Hambleton*, 397 F.3d at 1225 (quoting *Garcia*, 299 F.3d at 1242 n.5). The Ninth Circuit also quoted and expressly agreed with the Seventh Circuit's conclusion that "a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a 'not.'" *Id.* (quoting *Thorn*, 207 F.3d at 389). These are clear statements as to the permissible scope of Rule 30(e) changes. Read in conjunction with its quotation and agreement with these cases, the Ninth Circuit's standard that Rule 30(e) changes must be "corrective, and not contradictory" means that changes are limited to correcting stenographic mistakes and cannot be used to alter the actual testimony given. *E.g., MGA Entertainment*, 2012 WL 12886204, at *2.[2] Indeed, the Ninth Circuit's choice of allowing "corrective, and

---

[2] The parties were not always entirely consistent in their arguments. *Compare, e.g.*, Mot. at 13 (advocating adoption of *per se* approach) *with* Hearing Tr. at 56-57 (suggesting that Rule 30(e) may be used

1  not contradictory, changes" mimics the immediately preceding quotation from the Seventh Circuit that "a
2  change of substance which actually *contradicts* the transcript is impermissible unless it can plausibly be
3  represented as a *correction* of an error in transcription." *Hambleton*, 397 F.3d at 1225 (emphasis added)
4  (quoting *Thorn*, 207 F.3d at 389). Accordingly, courts should limit Rule 30(e) changes to those correcting
5  stenographic mistakes and, consequently, should bar parties from using Rule 30(e) to change the testimony
6  actually given.[3]

7  When a party has attempted to utilize Rule 30(e) beyond this scope, courts should strike the
8  proposed changes. *See Hambleton*, 397 F.3d at 1226.[4] It is important to keep in mind, however, that
9  striking improper Rule 30(e) changes does not foreclose the deponent from utilizing other means to explain
10 or correct the deposition testimony. *Cf. Messick v. Horizon Indus. Inc.*, 62 F.3d 1227, 1231 (9th Cir. 1995)
11 (noting as a general matter that a party "is not precluded from elaborating upon, explaining or clarifying
12 prior testimony elicited by opposing counsel on deposition"). The deponent remains able to file an affidavit
13 that contradicts her deposition testimony in conjunction with summary judgment proceedings, may testify
14 at trial in a manner that contradicts her deposition testimony, and may otherwise contradict her deposition
15 testimony in future proceedings. *See, e.g.*, *Cathode Ray Tube*, 2014 WL 12647874, at *2 (citing *Lewis*,
16 2010 WL 3398521, at *3). The Court or the jury can then determine the weight (if any) to give to the
17 contradictory affidavit or testimony based on the standards applicable at that stage of litigation. *See, e.g.*,

---

to correct "good-faith mistakes"). Nonetheless, the Court has a duty to correctly articulate and apply legal standards. *See, e.g.*, *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000).

[3] The Court rejects Experian's contention that Rule 30(e)'s reference to changes "in form or substance" is inconsistent with the standards outlined herein. *See* Resp. 10. A deponent may make a formal or substantive change to correct a stenographic mistake: "Should the reporter make a substantive error, *i.e.*, he reported 'yes' but I said 'no,' or a formal error, *i.e.*, he reported the name to be 'Lawrence Smith' but the proper name is 'Laurence Smith,' then corrections by the deponent would be in order." *Garcia*, 299 F.3d at 1242 n.5 (quoting *Greenway*, 144 F.R.D. at 406). Even though the text of Rule 30(e) allows deponents to make changes "in form or substance," the rule does not allow a deponent to alter what was said under oath because a deposition is not a take home examination. *E.g.*, *Mullins*, 178 F. Supp. 3d at 889.

[4] "Courts have applied *Hambleton* to deposition changes made outside the summary judgment context." *Mformation Techs., Inc. v. Research in Motion, Ltd.*, Case No. C08-04990 JW (HRL), 2011 WL 2940289, at *1 (N.D. Cal. July 20, 2011); *see also Lee*, 2015 WL 6471186, at *2 (collecting cases). The Court rejects Experian's contentions to the contrary. *See* Resp. at 10, 13.

*id.* Hence, improper utilization of Rule 30(e) to alter deposition testimony generally results in a two-step process: first, the improper changes are stricken; and, second, the deponent may present corresponding contradictory statements in affidavit or testimonial form, at which time they will be considered through any standards applicable at that stage of litigation. *See, e.g.*, *E.E.O.C. v. Skanska USA Building, Inc.*, 278 F.R.D. 407, 412 (W.D. Tenn. 2012).[5]

When a challenge to Rule 30(e) changes is made within the context of summary judgment, however, there may be no practical reason for courts to engage in this two-step process. Striking improper Rule 30(e) changes would be without prejudice to the filing of an affidavit making the same contradictory assertions and providing reasons for the contradiction. When the technical requirements of Rule 30(e) have been met, courts should already be presented with both the contradictory testimony in the form of Rule 30(e) changes, and an explanation of the reasons for the contradiction. *See* Fed. R. Civ. P. 30(e)(1)(B). Hence, compliance with Rule 30(e)'s technical requirements enables courts to evaluate the appropriateness of the changes pursuant to applicable standards. *See, e.g.*, *Hambleton*, 397 F.3d at 1224-25 ("the statement [of reasons] permits an assessment concerning whether the alterations have a legitimate purpose"). As such, the normal two-step analysis may collapse into a single analysis within the summary judgment context: courts may treat Rule 30(e) changes as essentially an affidavit in opposition to summary judgment and may determine for purposes of deciding summary judgment whether the factual contentions made therein should be disregarded as a sham affidavit filed to create a material issue of fact. Based on this interpretation, there is no tension between *Hambleton*'s discussion of the sham affidavit rule and its adoption of cases refusing to allow Rule 30(e) to be used to change the testimony that was actually given.

This interpretation is also compatible with important policy considerations, such as ensuring that Rule 30(e) is not utilized to circumvent well-established discovery rules. For example, "[d]epositions differ from interrogatories," *Garcia*, 299 F.3d at 1242 n.5, and a would-be deponent may not excuse herself from testifying by serving written interrogatory answers, *see, e.g.*, *Nationstar Mtg., LLC v. Flamingo Trails No.*

---

[5] A delay in correcting deposition testimony may be indicative of a sham attempt to create a material issue of fact. *See, e.g.*, *Hambleton*, 397 F.3d at 1225. Although Rule 30(e) is not a vehicle to alter the testimony that was actually given, nothing herein prevents a deponent from providing prompt notice of an intent to file a contradictory affidavit or provide contradictory testimony in the future.

*7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 333 n.4 (D. Nev. 2016). Additionally, an attorney is precluded from coaching a witness during her deposition. *See, e.g.*, *In re Stratosphere Corp. Securities Litig.*, 182 F.R.D. 614, 621 (D. Nev. 1998). Allowing a deponent to alter testimony through after-the-fact changes (potentially in consultation with her attorney) would undermine these well-settled deposition rules, effectively permitting the substitution of interrogatory answers for deposition testimony and permitting attorneys to alter the deponent's testimony. *See, e.g.*, *Greer*, 2017 WL 2389567, at *7. Strictly limiting the scope of Rule 30(e) to correcting stenographic mistakes preserves the important function of depositions: "The purpose of depositions is to determine the facts of the case while the witness is under the scrutiny of examination. The purpose is certainly not to find out how the witness answers questions with the ability to calmly reflect on the responses for 30 days in collaboration with counsel. [If courts adopt a standard broadly allowing Rule 30(e) changes], the purpose of a deposition evaporates." *Blair v. CBE Grp., Inc.*, Case No. 13-cv-00134-MMA (WVG), 2015 WL 3397629, at *10 (S.D. Cal. May 26, 2015). Stated differently:

> The purpose of a deposition is to memorialize testimony or to obtain information that can be used at trial or that eliminates the pursuit of issues or that inform decisions as to the future course of the litigation. One of the main purposes of the discovery rules, and the deposition rules in particular, is to elicit the facts before the trial and to memorialize witness testimony before the recollection of events fade or "it has been altered by . . . helpful suggestions of lawyers." *Hall v. Clifton Precision*, 150 F.R.D. 525, 528 (E.D. Pa. 1993). Those purposes are disserved by allowing deponents to "answer questions [at a deposition] with no thought at all" and later to craft answers that better serve the deponent's cause. Indeed, to allow such conduct makes a mockery of the serious and important role that depositions play in the litigation process.

*MGA Entertainment*, 2012 WL 12886204, at *2 (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 277 F.R.D. 286, 297 (E.D. Va. 2011)). Hence, strictly limiting Rule 30(e) changes to those correcting stenographic changes preserves the important function of having depositions at which the witness answers questions live and without the aid of an attorney.[6]

---

[6] A party has a duty to properly prepare a Rule 30(b)(6) deponent to testify competently on the matters noticed. *See, e.g.*, *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534, 539 (D. Nev. 2008). The reasons for strictly limiting Rule 30(e) changes are especially pronounced for a Rule 30(b)(6) deponent testifying as to matters within the scope of a deposition notice. *See, e.g.*, *Tourgeman*, 2010 WL 4817990, at *3; *Lewis*, 2010 WL 3398521, at *4.

While this strict approach protects the integrity of the discovery process, it does not unfairly hamstring a party who provides incorrect deposition testimony. Courts universally recognize the strong preference that cases be decided on their merits. *See, e.g.*, *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 243 (D. Nev. 2017) (citing *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)). Striking improper Rule 30(e) changes is not, as Experian contends here, a means by which the party taking the deposition may subvert that overarching goal to avoid correction of erroneous testimony. *See* Resp. at 12 n.4. Instead, if a party believes its deponent gave false testimony under oath, it may so explain to the fact-finder during the normal course of litigation. *See, e.g.*, *Cathode Ray Tube*, 2014 WL 12647874, at *2 (citing *Lewis*, 2010 WL 3398521, at *3). The judge or the jury will then determine whether that testimony is proper and persuasive. *See, e.g.*, *id.* A party contending that its deponent gave erroneous testimony is simply prohibited from using Rule 30(e) to accomplish that end, as "contradictory changes are not given the imprimatur and benefit of Rule 30(e) certification." *Lewis*, 2010 WL 3398521, at *4.

In short, the Court interprets *Hambleton* as limiting the scope of Rule 30(e) changes to corrections of stenographic mistakes, whether those corrections be of a substantive or formal nature. Rule 30(e) is not the proper vehicle for trying to alter unfavorable deposition testimony regardless of whether the deponent truly believes upon reflection that the testimony was wrong. Courts may strike impermissible changes without prejudice to the deponent filing a later affidavit or providing testimony contradicting or explaining the deposition testimony given, at which time the validity of those reasons can be evaluated as appropriate based on the applicable standards. When Rule 30(e) changes are presented in the context of opposing summary judgment, however, the Court may choose to simply apply the sham affidavit standards to those changes based on the information already presented in compliance with the technical requirements in Rule 30(e), including identification of the contradictory assertions being made and the reasons for them.

### III. ANALYSIS

Having outlined the analytical framework for Plaintiff's challenge to Experian's Rule 30(e) changes, the Court turns to analysis of the parties' dispute. In this case, the Rule 30(e) changes are not being made in conjunction with a motion for summary judgment. Hence, the sole issue before the Court is whether Experian is attempting to use its Rule 30(e) changes to improperly alter the testimony that was actually given by Ms. Simmons as Experian's Rule 30(b)(6) deponent. The changes at issue are clearly improper.

As an initial matter, two of the changes purport to remove deposition testimony for the reason that the answers provided were "non-responsive." Mot. at 8, 9. Plaintiff argues that an after-the-fact attempt to remove testimony on this basis is improper because the non-responsiveness of an answer should have been raised as an objection at the deposition. Reply at 7; *see also* Mot. at 10. The Court agrees with Plaintiff. Rule 30(e) permits "the deponent" to make corrections to a deposition transcript. Fed. R. Civ. P. 30(e)(1); *see also Combs*, 927 F.2d at 488 (holding that a deponent authorizing counsel to make changes to deposition transcript was a "direct violation" of Rule 30(e)). Experian provides no legal authority that an attorney may use Rule 30(e) to lodge belated objections to deposition testimony. To the contrary, Experian conceded at the hearing that it waived any objection as to the non-responsiveness of Ms. Simmons' answers by failing to raise that objection at the deposition. *See* Hearing Tr. at 68; *see also* Fed. R. Civ. P. 32 (d)(3)(B)(I) (an objection to the form of an answer is waived if not raised at the deposition). The Court rejects Experian's position and concludes that Rule 30(e) does not provide an avenue to lodge a non-responsiveness objection that was not made at the deposition in an effort to change the testimony actually given. *Cf. Mullins*, 178 F. Supp. 3d at 903 (whether the deposing "counsel's questions were problematic is beside the point" because concerns as to the form of questions must be addressed through objections at the deposition rather than through Rule 30(e) changes).

The other reasons for Experian's Rule 30(e) changes are also impermissible. Experian has reasoned that Ms. Simmons' sworn deposition must be altered for "accuracy" and/or "clarification." *See, e.g.*, Mot. at 8-10. Experian relies on these vague reasons in an attempt to provide the most obviously contradictory changes, such as changing some answers from "yes" to "no," or vice versa, and removing a "not" from the testimony given. *See, e.g.*, *id.* at 9. Experian also relies on these reasons in an attempt to change Ms. Simmons' testimony regarding Experian's across-the-board practices to testimony about what Experian does "in some circumstances." *See, e.g.*, *id.* at 8. Such changes are of a highly substantive nature and directly contradict the sworn testimony that was actually provided.[7] Moreover, the alleged inaccuracy and

---

[7] For the reasons outlined above, the Court need not opine on whether Experian's Rule 30(e) changes are akin to a sham affidavit. The Court notes, however, that Experian admits to a pattern of providing "clarification and supplementation" of Rule 30(b)(6) testimony for the specific purpose of bolstering its opposition to motions to amend to add class allegations. Resp. at 12 n.4. Experian also essentially admits

11

lack of clarity has nothing to do with the court reporter's transcription of Ms. Simmon's testimony. Instead, after her deposition, Ms. Simmons apparently conducted unspecified "further research" in determining that her sworn testimony should be changed to make it "accurate." Resp. at 5; *see also* Docket No. 31-4 (indicating that the "further research" included only review of documents already produced in this case).[8] Ms. Simmons is a sophisticated deponent who was prepared for the deposition, and she cannot use Rule 30(e) to alter the testimony that she gave. This is precisely the type of conduct found to be impermissible by the Ninth Circuit, instructing that "[a] deposition is not a take home examination." *Hambleton*, 397 F.3d at 1225 (quoting *Garcia*, 299 F.3d at 1242 n.5). The Court similarly concludes that Experian's Rule 30(e) changes are improper attempts to alter Ms. Simmons' sworn testimony.

The Court is also not persuaded by any of Experian's other arguments that the Rule 30(e) changes should be allowed. Experian goes to great lengths in its attempt to convince the Court that the changes made now reflect "accurate" information supported by corroborative evidence. *See* Resp. at 11; *see also* Docket No. 48 (supplement purporting to "confirm" that the testimony given was wrong and that the correction is accurate). Experian's pleas are not persuasive. The fact that Experian attests to the accuracy of the changes by pointing to corroborating evidence does not render its Rule 30(e) changes proper; "whether other evidence supports the proposed changes is not the standard under Rule 30(e)." *Azco Biotech*, 2015 WL 350567, at *4 (citing *Tourgeman*, 2010 WL 4817990, at *3). Moreover, while it might be that Ms. Simmons testified erroneously, counsel for Experian had the opportunity <u>at the deposition</u> to question Ms. Simmons to correct or clarify her testimony. *See, e.g.*, *Lee*, 2015 WL 6471186, at *2 (citing Fed. R. Civ. P. 30(c)(1)). Failure by counsel to take advantage of that opportunity is not grounds to change testimony after-the-fact. *See, e.g.*, *Blair*, 2015 WL 3397629, at *10. Lastly, as explained above, this case

---

that the Rule 30(e) changes currently in dispute were made in an effort to bolster its opposition to Plaintiff's pending motion to amend the complaint to add class action allegations. *See, e.g.*, *id.* (asserting that the Rule 30(e) changes were made so Plaintiff did not prevail on his motion to amend based on facts elicited during the Rule 30(b)(6) deposition, which Experian now contends are inaccurate).

[8] It appears that this "further research" was conducted in consultation with an unnamed attorney. Reply at 4. Because this representation was made for the first time in reply and the Court finds the Rule 30(e) changes improper regardless, the Court does not consider this information. *See, e.g.*, *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) (*per curiam*).

is not doomed to be decided on erroneous facts if Experian's Rule 30(e) changes are stricken because Ms. Simmons can present a contradictory affidavit at an appropriate time during the litigation and may testify at trial as to why her deposition testimony was incorrect. *See, e.g.*, *Cathode Ray Tube*, 2014 WL 12647874, at *2. The fact-finder will then evaluate those reasons and weigh the conflicting evidence as appropriate. Rule 30(e) simply does not provide a vehicle for trying to ameliorate the impact of deposition testimony regardless of whether the deponent contends the changes are corroborated by evidence.

Experian also argues unpersuasively that it should be permitted to make its Rule 30(e) changes because Plaintiff can use the changes for impeachment and can re-depose Ms. Simmons regarding the changes. *See, e.g.*, Resp. at 14. As an initial matter, this argument is inconsistent with *Hambleton*, which itself affirmed striking Rule 30(e) changes. *Azco Biotech*, 2015 WL 350567, at *5. Moreover, "the Court does not see why [the deposed party] should suffer no penalty for its misuse of Rule 30(e). . . . Imposing no remedy at all for [the deposed party's] clearly improper use of an errata sheet would render null Rule 30(e)'s procedural and substantive requirements." *Id.* (quoting *Tourgeman*, 2010 WL 4817990, at *3). Equity dictates that the onus of explaining or correcting deposition testimony throughout the course of litigation should rest with the deponent who allegedly provided faulty testimony under oath; the onus should not rest on the party obtaining that deposition testimony to rebut improper Rule 30(e) changes through impeachment or otherwise. *Cf. Lewis*, 2010 WL 3398521, at *4 ("contradictory changes are not given the imprimatur and benefit of Rule 30(e) certification"). The starting line must remain the testimony actually provided under oath. *Cf. Greer*, 2017 WL 2389567, at *7 (while deponents may attempt to clarify the record through affidavits or testimony, "their deposition testimony remains what was said at their depositions").[9]

---

[9] Experian also attempts to impugn Plaintiffs' counsel for filing the deposition transcript prior to obtaining Rule 30(e) changes. *See, e.g.*, Resp. at 3. The Court finds nothing improper about the timing of Plaintiff's submission of the transcript. *See Tycoons Worldwide Grp. (Thailand) Public Co. v. JBL Supply Inc.*, 721 F. Supp. 2d 194, 200 (S.D.N.Y. 2010) ("Rule 30(e)(1) by its terms does not state that the deponent must be given an opportunity to review and correct the transcript *before* a party submits that transcript to the Court . . ." (emphasis in original)).

## IV. CONCLUSION

For the reasons discussed more fully above, Plaintiff's motion to strike is **GRANTED**.

IT IS SO ORDERED.

Dated: November 8, 2017

_____
Nancy J. Koppe
United States Magistrate Judge