# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN E. ASHCRAFT, | Case No. 2:16-cv-02978-JAD-NJK |
| Plaintiff(s), | ORDER |
| v. | |
| WELK RESORT GROUP, CORP, et al, | (Docket No. 66) |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion for leave to amend the complaint. Docket No. 66; *see also* Docket Nos. 67, 70 (errata). Defendant Experian filed a response in opposition. Docket No. 69. Plaintiff filed a reply. Docket No. 74. The motion is properly resolved without a hearing. Local Rule 78-1. For the reasons discussed below, the motion is **GRANTED**.[1]

## I.  BACKGROUND

This case involves claims under the Fair Credit Report Act arising out of Defendants' handling of a credit dispute arising after Plaintiff obtained a Chapter 7 bankruptcy. *See* Docket No. 1. Plaintiff initiated this case on December 22, 2016, *id.*, and Experian filed an answer on February 7, 2017, Docket

---

[1] It is within a magistrate judge's authority to grant a motion for leave to amend. *See, e.g.*, *Vandehey v. Real Soc. Dynamics, Inc.*, 2017 WL 4411042, at *1 n.4 (D. Nev. Oct. 4, 2017) (citing *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 n.1 (9th Cir. 1985) and *Morgal*, 284 F.R.D. at 458).

No. 5.[2] The Court issued a scheduling order setting a deadline to amend the pleadings for May 9, 2017. Docket No. 12.

On May 3, 2017, Plaintiff conducted his Rule 30(b)(6) deposition of Experian. *See* Docket No. 31-5. On May 9, 2017, Plaintiff moved to amend his complaint to, *inter alia*, add class action claims. Docket No. 24. Due to a dispute over Experian's errata to its deponent's testimony, Plaintiff's motion for leave to amend was denied without prejudice. Docket No. 29. The parties then engaged in motion practice on the disputed errata, and that dispute was resolved on November 8, 2017. Docket No. 64.[3] Plaintiff then refiled his motion for leave to amend by the new deadline set by the Court, Docket No. 66, which is the matter now before the Court.

## II.  STANDARDS

Courts examine whether amendment is proper under the standards outlined in Rule 15(a). Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. These factors do not carry equal weight, however, and prejudice is the touchstone of the analysis. *See id.*

Because of the liberal policy in favor of amendment, the party opposing the amendment bears the burden of showing why leave to amend should be denied. *See, e.g.*, *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)).

//

//

---

[2] Defendant Welk Resort Group was voluntarily dismissed prior to appearing. Docket No. 7.

[3] An objection to that order is pending. Docket No. 68.

2

1  **III.    ANALYSIS**

   Experian raises several arguments in opposition to the motion for leave to amend, asserting that there has been undue delay in seeking amendment, that it will be prejudiced by amendment, and that amendment is futile. The Court addresses each argument below in turn.

   A.    UNDUE DELAY

   Experian argues that some aspects of Plaintiff's amendments[4] could have been made sooner, and that Plaintiff unduly delayed in that respect by not seeking such amendment until the deadline to seek amendment, May 9, 2017. *See* Docket No. 69 at 6-7.[5] The Court is not persuaded. Undue delay, standing alone, is not sufficient to justify denying leave to amend, although it can be a factor that undermines an attempt to amend the pleadings. *See, e.g.*, *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016). "A strong presumption against a finding of undue delay exists when a case is still in discovery," *Hologram USA, Inc. v. Pulse Evolution Corp.*, Case No. 2:14-cv-0772-GMN-NJK, 2015 WL 316900, at *3 (D. Nev. Jan. 23, 2015) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187-88 (9th Cir. 1987)). At the time Plaintiff sought leave to amend, this case was in its early stages, with Experian having only appeared a few months earlier and the discovery cutoff several months in the distance. *See* Docket No. 5 (answer filed February 7, 2017); Docket No. 12 (setting discovery cutoff for August 7, 2015). Such circumstances militate strongly against a finding of undue delay, and Experian's conclusory assertions that parts of the proposed amended complaint could have been brought sooner are insufficient to establish otherwise. Accordingly, the Court finds there was no undue delay.

---

[4] Although Experian appears to indicate that the entirety of the proposed amended complaint should be disallowed on this basis, it explicitly addresses only a perceived delay in bringing the proposed state class action claim and accompanying claim for declaratory relief. *See* Docket No. 69 at 7. No argument is presented that Plaintiff delayed in seeking to add a federal class action claim based on Experian's Rule 30(b)(6) deposition testimony from May 3, 2017.

[5] As noted above, Plaintiff initially sought leave to amend on May 9, 2017, Docket No. 24, but that motion was denied without prejudice due to the parties' dispute concerning Experian's attempt to alter the testimony of its Rule 30(b)(6) deponent, Docket No. 29.

B. PREJUDICE

Experian next argues that it is prejudiced by any amendment because allowing the addition of class claims would expand the scope of this case, resulting in added expense and delay. Docket No. 69 at 8. The Court is not persuaded. Transforming an individual action into a class action does not, in and of itself, create the type of prejudice sufficient to deny leave to amend. *See, e.g.*, *Presser v. Key Food Stores Co-op, Inc.*, 218 F.R.D. 53, 56 (E.D.N.Y. 2003). "While the additional class allegation will likely increase some of the needed discovery and may add some time for final disposition of the case, such is the case with most any amendment to a pleading in which a claim is being added." *Lopez v. City of Chicago*, Case No. 01 C 1823, 2002 WL 31415767, at *3 (N.D. Ill. Oct. 25, 2002). As noted above, Plaintiff sought to add class allegations early on in the litigation, and the Court is not persuaded that the added burden of defending against class claims is sufficient prejudice to justify denying leave to amend.[6]

C. FUTILITY

Experian next challenges the proposed amended complaint on futility grounds, both with respect to the ability to withstand a motion to dismiss and the ability to obtain class certification. Neither argument is persuasive.

1. Claim for Declaratory Relief

Experian contends that amendment to include a claim for declaratory relief should be denied because such a claim is futile. Docket No. 69 at 18-19. Courts are empowered to deny leave to amend based on the futility of the amendment. *E.g., Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). Nonetheless, "[d]enial of leave to amend on this ground is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal

---

[6] Experian contends that it will be prejudiced given the need to extend the approaching discovery cutoff since it has "handled this litigation in an expedient and cost-efficient manner." Docket No. 60 at 9. Had Plaintiff's initial motion to amend been resolved on its merits, discovery would be done at this point. But the resolution of that motion was delayed by Experian's attempt to alter its Rule 30(b)(6) deponent's testimony. *See* Docket No. 29; *see also* Docket No. 64 (striking those alterations). Any harm resulting from discovery continuing at this point arises from Experian's own litigation tactics.

4

standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss. *See, e.g., In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008). Experian provides no reason why the Court should chart a different course here. The Court declines to do so, and finds Experian's argument as to the futility of the claim for declaratory relief is premature and insufficient to deny leave to amend.

        2.        Class Action Allegations

Experian similarly contends that leave to amend to add class action allegations should be denied because Plaintiff will not be able to meet the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure. Docket No. 69 at 9-18. Courts are empowered to deny leave to amend based on the futility of class action allegations. *See, e.g.*, *Rosell v. Wells Fargo Bank*, Case No. C 12-6321-PJH, 2013 WL 4079178, at *6 (N.D. Cal. Aug. 1, 2013). Nonetheless, the Ninth Circuit has noted the "unremarkable proposition that often the pleadings alone will not resolve the question of class certification." *Vinole v. Countrywide Home Loans, inc.*, 571 F.3d 935, 942 (9th Cir. 2009). As a corollary, courts have found it premature for a defendant to challenge class certification through an opposition to a motion for leave to amend. *See, e.g.*, *Walintukan v. SBE Entm't Grp., LLC*, Case No. 16-cv-01311-JST, 2017 WL 635278, at *3 (N.D. Cal. Feb. 15, 2017). Indeed, even the authority cited by Experian "acknowledges that the question of whether plaintiff's proposed class action is amenable to class treatment is better decided on a motion for class certification." *Abelyan v. Onewest Bank*, Case No. CV 09-7163 CAS (AGRx), 2011 WL 13189883, at *3 (C.D. Cal. Mar. 21, 2011). Experian has proffered no reason for the Court to depart from that standard course. The Court declines to do so, and finds Experian's arguments as to the futility of the class allegations are premature and insufficient to deny leave to amend.

**IV. CONCLUSION**

For the reasons discussed more fully above, the motion for leave to amend is **GRANTED**. Plaintiff shall promptly file and serve the amended complaint. *See* Local Rule 15-1.[7] The parties appear

---

[7] Experian asks the Court to strike all of the footnotes in Plaintiff's motion. Docket No. 69 at 2 n.1. The Court declines to do so. Nonetheless, Plaintiff's counsel shall ensure that his briefing complies with the local rules moving forward, including that all text (including footnotes) must be in at least 12-point font.

to agree to an extension of deadlines in the scheduling order, *see* Docket No. 66 at 13, Docket No. 69 at 9, and the parties shall file a joint stipulation with proposed deadlines by January 17, 2018.

IT IS SO ORDERED.

DATED: January 10, 2018

                                                            _____
NANCY J. KOPPE
United States Magistrate Judge

---

Although by no means a violation of the local rules, the Court also advises Plaintiff's counsel that written court filings (directed to a judge, not a juror) are generally of a formal nature, and he may be well-served by not repeatedly referring to his client by his first name.