David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Sean N. Payne
Nevada Bar No. 13216
PAYNE LAW FIRM LLC
9550 S. Eastern Ave. Suite 253-A213
Las Vegas, NV 89123
702-952-2733
Fax: 702-462-7227
Email: seanpayne@spaynelaw.com

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
FAX: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

JOHN E. ASHCRAFT

        Plaintiff,

    v.

WELK RESORT GROUP, CORP;
EXPERIAN INFORMATION SOLUTIONS,
INC.,

        Defendants.

Case No. 2:16-cv-02978-JAD-NJK

**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**

**[Second Request[1]]**

---

[1] This is the parties' second request to extend discovery deadlines in this matter since the Court issued a scheduling order after granting Plaintiff's Motion for Leave to File Amended Complaint, allowing Plaintiff to assert class allegations. *See* ECF Nos. 77, 80.

Pursuant to LR 6-1 and LR 26-4, Plaintiff John E. Ashcraft ("Plaintiff") and Experian Information Solutions, Inc. ("Experian"), by and through their respective counsel of record, hereby stipulate and request that this Court extend all case deadlines by ninety (90) days. In support of this Stipulation and Request, the parties state as follows:

**I.      DISCOVERY COMPLETED TO DATE**

Presently, the active parties to this case are Plaintiff and Experian Information Solutions, Inc. ("Experian"), and as such, the recitation of discovery shall be with respect to Plaintiff and Experian.

1.      On December 22, 2016, Plaintiff filed this Complaint. ECF Dkt. 1.

2.      On February 7, 2018, Experian answered. ECF Dkt. 5.

3.      On February 21, 2017, the Court entered the parties' proposed protective order. ECF Dkt. 10, 11.

4.      On February 21, 2017, the Court entered the parties' proposed discovery plan and scheduling order. ECF Dkt. 12.

5.      On March 19, 2017, Experian responded to Plaintiff's First Requests for Production and First Set of Interrogatories.

6.      On March 29, 2017, Plaintiff responded to Experian's First Requests for Production, First Requests for Admissions and First Set of Interrogatories.

7.      On April 19, 2017, Experian filed its motion to consolidate or limit depositions. ECF Dkt. 15.

8.      On May 1, 2017, the Court denied Experian's motion to consolidate or limit depositions. ECF Dkt. 23.

9.      On May 3, 2017, Plaintiff took the 30(b)(6) deposition of Experian.

10.      On May 9, 2017, Plaintiff filed a Motion for Leave to File First Amended Complaint. ECF Dkt. 24.

11.      On June 19, 2017, Experian responded to Plaintiff's First Set of Requests for Admission, Second Set of Requests for Production, and Second Set of Interrogatories.

12.     On June 22, 2017, the Court stayed all case deadlines until July 14, 2017 to permit the parties time to resolve a discovery issue arising in connection with Experian's deposition, and denied Plaintiff's motion for leave to amend without prejudice.  ECF Dkt. 29.

13.     On July 10, 2017, Plaintiff filed a re-urged motion for leave to amend.  ECF No. 30.

14.     On July 10, 2017, Plaintiff moved to strike Experian's errata sheet.  ECF Dkt. 31.

15.     On September 13, 2017, Plaintiff served deposition and document subpoenas on third party Welk Resort Group, Corp. ("Welk").[2]

16.     Between October 30, 2017 and December 22, 2017, Welk returned documents responsive to Plaintiff's document subpoena.

17.     On November 8, 2017, this Court granted Plaintiff's Motion to Strike, and denied without prejudice Plaintiff's Re-Urged Motion for Leave to File First Amended Complaint.  ECF Dkt. 64, 65.

18.     On December 11, 2017, Plaintiff conducted the 30(b)(6) deposition of Welk.

On November 16, 2017, Plaintiff re-filed his Re-Urged Motion for Leave to File First Amended Complaint.  ECF Dkt. 66.

19.     On November 22, 2017, Experian objected to the Magistrate Judge's Order on Plaintiff's motion to strike.  ECF Dkt. 68.

20.     On January 10, 2018, the Court granted Plaintiff's Re-Urged Motion for Leave to File First Amended Complaint.  ECF Dkt. 77.  Following the Court's Order, Plaintiff filed his First Amended Complaint on January 11, 2018.  ECF Dkt. 78.  Experian answered the First Amended Complaint on January 25, 2018.  ECF Dkt. 81.

21.     On January 17, 2018, the Court granted the parties' Stipulation for First Supplemental Discovery Plan and Scheduling Order.  ECF Dkt. 80.

22.     On February 20, 2018, Experian responded to Plaintiff's Second Set of Requests for Admission and Third Set of Requests for Production.

---

[2] At the time the subpoena was served, Welk had been terminated from the case.

23.     On March 29, 2018, Experian responded to Plaintiff's Fourth Set of Requests for Production.

24.     On May 15, 2018, the Court denied the parties' stipulation for extension of, *inter alia*, the expert deadlines.  ECF Dkt. 87.

25.     On May 17, 2018, the parties exchanged expert disclosures.

26.     On May 20, 2018, Plaintiff sent Experian and Rule 26-7 letter on its responses to Plaintiff's written discovery, as well as other issues, and requested that the parties confer no later than May 23.

27.     On June 6, 2018, Experian sent Plaintiff a written response to Plaintiff's 26-7 letter.

28.     On June 15, 2018, Experian served its First Amended Notice of Deposition on Plaintiff, which was to take place on June 27, 2018.

29.     On June 18, 2018, Experian served its rebuttal expert disclosure.

30.     On June 18, 2018, Plaintiff served document and deposition subpoenas on Experian's expert, setting the deposition for July 10, 2018, and rescheduling for July 13, 2018, to accommodate witness availability.

31.     On June 20, 2018, Plaintiff and Experian conferred on the contents of Plaintiff's 26-7 letter.  Although a follow-up conference was scheduled for June 21, this conference was cancelled and another conference was to be held early the following week.

32.     Throughout the discovery period, both Plaintiff and Experian have supplemented their document productions and Rule 26 disclosures.

**B.     SPECIFIC DESCRIPTION OF DISCOVERY THAT REMAINS TO BE COMPLETED**

1.     The deposition of Plaintiff, scheduled for June 27, 2018;

2.     Depositions of any remaining witnesses, including but not limited to expert witnesses and other corporate representatives, as may be necessary;

3.     Any necessary additional written discovery and supplementation of discovery

requests already propounded, which may include but is not limited to identification of Experian's system capacities, and the individuals who assisted in Class-related searches.[3]

## C.    **REASONS WHY THE REMAINING DISCOVERY WAS NOT COMPLETED**

At this juncture, the discovery close date is July 16, 2018. Experian and Plaintiff conferred on Plaintiff's May 20, 2018 written discovery requests on June 20. A follow-up conference was scheduled for June 21, but was postponed because Experian's counsel's previously-scheduled appearance in court ran long, although the parties have agreed to continue conferring early next week.

During the parties' first conference, Experian suggested that it could obtain a portion of information related to Plaintiff's Requests for Admissions, but would require additional time to complete this process. Experian suggested a two-stage process in which it would first obtain a list of customers who currently display a public Chapter 7 or Chapter 13 bankruptcy record, which Experian estimated would take 3-4 weeks. Plaintiff suggested that this search could be conducted with reference to the on-file information in Experian's DR Logs, although no resolution has yet been reached on this point.

From this point, Experian stated that it should be able to filter down the responses to determine the number of consumers who disputed any account during the relevant time period. This process, which involves a combination of automated and manual review, would take an additional 3-4 weeks. Although Experian claimed that any further steps in answering Plaintiff's Requests for Admissions would require manual review, Plaintiff and Experian disagree on this point, which will be part of the subject of subsequent discussions. Regardless, the parties agree they will likely need to expeditiously resolve any discovery issues related to Experian's claimed inability to proceed further with its investigation if the deadline is extended.

A 90-day extension of time permits Experian the time it needs to conduct the above-described searches, as well as to conduct any further inquiries the parties may agree upon related

---

[3] Notably, Experian has not agreed that any such discovery is necessary or appropriate, only that *Plaintiff* asserts it is, and Experian reserves all rights in connection therewith.

to those returns. The parties have worked in good faith to resolve their discovery disputes informally, and believe further progress can be made towards that end. The parties have good cause to extend the deadline. Plaintiff propounded his 26-7 letter on Experian on May 20, to which Experian responded in writing on June 5, 2018.[4] The parties conferred on June 20, with a follow-up conference to be conducted early next week. Extending discovery will permit the parties to come to resolution of Experian's search for class members without the necessity of seeking court involvement.

For all of these reasons, the parties request that the Court grant this request for an extension of time.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

---

[4] The parties reserve all rights set forth in their respective correspondence.

**D.** **PROPOSED DISCOVERY DEADLINES**

| | Prior Deadlines | Proposed Deadlines |
|---|---|---|
| **Discovery Cut-Off:** | July 16, 2018 | **October 15, 2018** (90 days from prior deadline)[5] |
| **Initial Expert Disclosures** | May 17, 2018 | Same |
| **Rebuttal Expert Disclosures** | June 18, 2018 | Same |
| **Motion for Class Certification** | August 15, 2018 | **November 14, 2018** (30 days after the close of discovery) |
| **Opposition to Motion for Class Certification** | September 14, 2018 | **December 14, 2018** (32 days after Motion for Class Certification deadline) |
| **Dispositive Motions** | August 15, 2018 | **November 13, 2018** (30 days after the close of discovery) |
| **Pre-Trial Order** | September 14, 2018 | **December 14, 2018** (32 days after the deadline to file dispositive motions, or 30 days after dispositive motions)[6] |

Dated this 22nd day of June, 2018.

/s/ Miles N. Clark
Matthew I. Knepper, Esq. (NBN 12796)
Miles N. Clark, Esq. (NBN 13848)
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
David H. Krieger, Esq. (NBN 9086)
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123

Sean N. Payne, Esq. (NBN 13216)
PAYNE LAW FIRM LLC
9550 S. Eastern Ave., Suite 253-A213
Las Vegas, NV 89123
*Attorneys for Plaintiff*

/s/ Jennifer L. Braster
Jennifer L Braster (NBN 9982)
NAYLOR & BRASTER
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145

Cheryl O'Connor (NBN 14745)
Jeremy S. Close (*Admitted Pro Hac Vice*)
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612.4408
*Attorneys for Defendant Experian Information Solutions, Inc.*

**NO FURTHER EXTENSIONS TO THE DISCOVERY CUTOFF WILL BE GRANTED.**

**IT IS SO ORDERED.**

Dated: June 26, 2018

**ORDER**

_____
UNITED STATES MAGISTRATE JUDGE

---

[5] October 14, 2018 is a Sunday.
[6] January 12, 2019 is a Saturday.