# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| John E. Ashcraft,<br><br>    Plaintiff,<br><br>v.<br><br>Welk Resort Group Corp., et al.,<br><br>    Defendants | Case No.: 2:16-cv-02978-JAD-NJK<br><br>**Order Affirming Magistrate Judge's Order Striking FRCP 30(e) Changes**<br><br>[ECF No. 68] |

After defendant Experian Solutions, Inc.'s FRCP 30(b)(6) designee in this Fair Credit Reporting Act case gave plaintiff-favorable testimony at her deposition, Experian submitted an FRCP 30(e) errata revising, replacing, and deleting it, claiming that post-deposition investigation revealed that her sworn answers were wrong. The plaintiff moved to strike that errata, and Magistrate Judge Nancy Koppe granted the motion, relying on the Ninth Circuit's opinion in *Hambleton Brothers Lumber Company v. Balkin Enterprises, Inc.*[1] Experian objects, arguing that *Hambleton* merely precludes parties from changing deposition testimony during summary judgment to manufacture an issue of fact.[2] But because *Hambleton* more broadly "hold[s] that Rule 30(e) is to be used for corrective, and not contradictory, changes," I find that Judge Koppe's order is consistent with Ninth Circuit law, affirm it, and overrule Experian's objection.

## Discussion

Experian's objection is a legal one.[3] It contends that Judge Koppe's ruling is clearly erroneous and contrary to law because it stretches the Ninth Circuit panel's opinion in *Hambleton* beyond its intended reach: sham changes during summary judgment designed to

---

[1] ECF No. 64 (citing *Hambleton Bros. Lumber Co. v. Balkin Enter., Inc.*, 397 F.3d 1217 (9th Cir. 2005)).

[2] ECF No. 68.

[3] The parties are familiar with the facts that underlie the motion to strike, Judge Koppe laid them out in detail in her order, *see* ECF No. 64, and they are not materially in dispute; so I do not reiterate them here. I review Judge Koppe's legal conclusions de novo. *See* 28 U.S.C. § 636(b)(1)(A); *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993).

1

create issues of fact. "It is dubious," Experian contends, "that the reasoning of *Hambleton* even extends beyond the situation where a summary judgment motion is pending."[4] "Had *Hambleton* intended to adopt a 'sharp restriction' against *all* contradictory changes—whether sham or not— 'it would have said so and would not have discussed the sham affidavit rule in the detail and manner that it did.'"[5]

But the *Hambleton* court did say so. Its statement that "Rule 30(e) is to be used for corrective, and not contradictory, changes" is not mere dicta, it is an express holding. After string-citing out-of-circuit recognitions that "a change of substance [that] actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription,"[6] and that "[t]he Rule cannot be interpreted to allow one to alter what was said under oath" for "a deposition is not a take home examination,"[7] the *Hambleton* court concluded, "**We** agree with our sister circuits' interpretation of FRCP 30(e) on this point, and **hold** that Rule 30(e) is to be used for corrective, and not contradictory, changes."[8]

Whether Experian is choosing to ignore this broader principle in *Hambleton* or just has a blind spot for it, *Hambleton*'s significance here is actually twofold: it extended the sham-affidavit rule to Rule 30(e) changes *and* put the Ninth Circuit in union with circuits that had already recognized that Rule 30(e) is a vehicle to ensure a verbatim transcript of sworn answers, not to permit a post hoc rewrite of those answers by or with counsel. "Depositions differ from interrogatories in that regard," and "[i]f that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses."[9] Judge Koppe's

---

[4] ECF No. 68 at 9.

[5] *Id*. at 11 (citations omitted).

[6] *Hambleton*, 397 F.3d at 1225 (quoting *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000)).

[7] *Id*. (quoting *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002) (quoting *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W. D. La. 1992)).

[8] *Id*. at 1225–26 (emphasis added).

[9] *Id*. at 1225 (quoting *Garcia*, 299 F.3d at 1242 n.5 (quoting *Greenway*, 144 F.R.D. 322, 325 (W. D. La. 1992)).

ruling properly recognizes this undeniable aspect of *Hambleton*'s holding and the limits that the Ninth Circuit has placed on Rule 30(e) changes.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Experian's objections **[ECF Nos. 68] are OVERRULED** and Judge Koppe's order striking Experian's Rule 30(e) changes **[ECF No. 64] is AFFIRMED.**

Dated: July 24, 2018

_____
U.S. District Judge Jennifer A. Dorsey