UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN E. ASHCRAFT,<br>    Plaintiff(s),<br>v.<br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br>    Defendant(s). | Case No.: 2:16-cv-02978-JAD-NJK<br><br>**Order**<br><br>[Docket Nos. 102, 109] |

Pending before the Court is Plaintiff's motion to compel. Docket No. 102. Defendant filed a response in opposition, and Plaintiff filed a reply. Docket Nos. 107, 108. Also pending before the Court is Plaintiff's further motion to compel. Docket No. 109. Defendant filed a response in opposition, and Plaintiff filed a reply. Docket Nos. 112, 113. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, both motions are hereby **DENIED**.

**I.    STANDARDS**

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *see also Carr v. State Farm Mut.*

*Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (addressing burdens following 2015 amendments to discovery rules). The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *See, e.g.*, *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

The scope of proper discovery is limited to relevant matter. Fed. R. Civ. P. 26(b)(1). District courts enjoy wide discretion in deciding relevancy for discovery purposes. *E.g.*, *Shaw v. Experian Info. Solutions., Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015). To be permissible, discovery must be "relevant to any party's claim or defense." *In re Bard IVC Prod. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016) (discussing impact of 2015 amendments to definition of relevance for discovery purposes). Even after the 2015 amendments to the discovery rules, relevance remains broad in scope. *See, e.g.*, *Fed. Nat'l Mrtg. Assoc. v. SFR Investments Pool 1, LLC*, 2016 WL 778368, at *2 n.16 (D. Nev. Feb. 25, 2016).

"Relevancy alone is no longer sufficient–discovery must also be proportional to the needs of the case." *Bard IVC*, 317 F.R.D. at 564. To fall within the purview of appropriate discovery, the information sought must also be proportional to the needs of the case, including consideration of the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweigh its likely benefit. Fed. R. Civ. P. 26(b)(1). Proportionality focuses on the marginal utility of the discovery being sought. *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 180 F. Supp. 3d 273, 280 n.43 (S.D.N.Y. 2016). At bottom, proportionality is a "common-sense concept" that should be applied to establish reasonable limits on discovery. *See, e.g.*, *Sprint Comm's Co. v. Crow Creek Sioux Tribal Court*, 316 F.R.D. 254, 263 (D.S.D. 2016).

//
//

## II. DOCKET NO. 102

The first motion to compel turns largely on the parties' competing positions as to whether there is a practical manner in which Defendant can produce various information that Plaintiff contends is relevant to class certification and, to a lesser extent, to Defendant's alleged culpability. Defendant has provided a declaration explaining that responding to these discovery requests would require manually retrieving and reviewing millions of records. Docket No. 107-1. As such, Defendant contends that complying with these discovery requests would be unduly burdensome and not proportional to the needs of the case. *See, e.g.*, Docket No. 107 at 9-12. Plaintiff asks the Court to disbelieve the showing made by Defendant. To that end, Plaintiff proffers that there is an 11-step process through which responsive information can be obtained on an automated or semi-automated basis for the discovery related to the FCRA class. *See* Docket No. 102 at 4-6. Plaintiff similarly proffers that there is an eight-step process by which responsive information can be obtained on an automated or semi-automated basis for the discovery related to the Nevada state law class. *See id.* at 7-8.

After this motion to compel was filed, United States Magistrate Judge Cam Ferenbach resolved a discovery dispute in another case involving the same attorneys that is highly similar to the dispute at bar. After a lengthy hearing, Judge Ferenbach rejected the contention that the information sought could be obtained in a fashion that would render the discovery proportional to the needs of the case. *Leoni v. Experian Info. Sols., Inc.*, Case No. 2:17-cv-01408-RFB-VCF, Docket No. 88 at 51 (D. Nev. Oct. 9, 2018) (transcript of hearing) ("Well, having balanced that all out, it really – I do conclude that there's just not a proportional way to do this on an automated basis").[1] Having reviewed the briefing and exhibits in this case, the Court similarly concludes that there is no manner in which Defendant could provide the discovery in dispute in a way that is proportional to the needs of the case.[2]

---

[1] Plaintiff submits here the report from Anya Verkhovskaya that was filed in *Leoni*. *See* Docket No. 102-18. Ms. Verkhovskaya was not formally declared an expert by Judge Ferenbach, but she testified at that hearing. *See id.* at 11.

[2] The parties also dispute whether Plaintiff is entitled to discovery into Defendant's technical infrastructure, which he seeks to "confirm the capacity of Experian's internal systems, and both test Experian's claims that it cannot identify the Class members, as well as permit Plaintiff

3

Accordingly, the first motion to compel will be denied.

### III. DOCKET NO. 109

This motion to compel relates to Plaintiff's fifth set of requests for production. The primary issue in dispute through this motion are requests for production of documents sufficient to show the number and identities of class members. *See* Docket No. 109 at 8, 11-12. As it did in the previous motion, Defendant objects on the grounds that providing that information requires the review of millions of documents, and that complying with these discovery requests would be unduly burdensome and not proportional to the needs of the case. *See, e.g.*, Docket No. 112 at 8-9. The Court agrees with Defendant that simply reframing the discovery requests to only require "sufficient" information on these issues does not obviate the overarching problem that there is no means for Defendant to obtain that information in a way that is proportional to the needs of the case.[3]

Accordingly, the second motion to compel will be denied.[4]

//

//

//

---

the raw materials necessary to design more nuanced searches if Experian's own software engineers are unable to do so." Docket No. 102 at 17. Responding parties are best situated to evaluate the procedures, methodologies, and technologies as to their own electronically stored information. *Brewer v. BNSF Rwy. Co.*, 2018 WL 882812, at *2 (D. Mont. Feb. 14, 2018). Discovery into another party's discovery process is disfavored. *See Fish v. Air & Liquid Sys. Corp.*, 2017 WL 697663, at *17 (D. Md. Feb. 21, 2017) (collecting cases); *see also Bombardier Recreational Prods., Inc. v. Arctic Cat, Inc.*, 2014 WL 10714011, at *14-15 (D. Minn. Dec. 5, 2014) (denying discovery on discovery as not relevant to any claim or defense in the case). "[R]equests for such 'meta-discovery' should be closely scrutinized in light of the danger of extending the already costly and time-consuming discovery process *ad infinitum*." *Freedman v. Weatherford Int'l Ltd.*, 2014 WL 4547039, at *2 (S.D.N.Y. July 25, 2014); *see also Brewer*, 2018 WL 882812, at *2 (identifying a "presumption" against such discovery). The Court agrees with Defendant that the circumstances of this case do not justify the meta-discovery requested.

[3] Plaintiff also seeks production of documents sufficient to show the number and percentage of consumer disputes for which it used Auto ACDV Processing. *See* Docket No. 109 at 9, 12-15. Defendant has already provided admissions regarding those issues. Docket No. 112 at 9-10. The Court agrees with Defendant that the discovery requests in dispute are duplicative. *See Garcia v. Blahnik*, 2016 WL 3854584, at *4 (S.D. Cal. July 15, 2016).

[4] Defendant's request for sanctions for alleged bad faith conduct will also be denied.

4

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's motions to compel are **DENIED**.

IT IS SO ORDERED.

Dated: November 26, 2018

                                                            _____
Nancy J. Koppe
United States Magistrate Judge