# EXHIBIT 18

# Excerpts of Oct. 27, 2017 Deposition of Douglas Hollon as Experian's 30(b)(6) witness, Leoni

CONFIDENTIAL

```
 1              UNITED STATES DISTRICT COURT
                   DISTRICT OF NEVADA
 2

    DAVID LEONI,            ) Case No. 2:17-cv-01408-RFB-VCF
 3                          )
          Plaintiff,        ) Judge Richard F. Boulware, II
 4  V.                      )
                            )
 5  EXPERIAN INFORMATION    )
    SOLUTIONS, INC.,        )
 6  And MILITARY STAR,      )
                            )
 7       Defendants.        )
 8   * * * * * * * * * * * * * * * * * * * * * * * * *
 9
                          CONFIDENTIAL
10      ORAL DEPOSITION OF EXPERIAN INFORMATION SOLUTIONS,
             INC., 30(b)(6) WITNESS DOUGLAS HOLLON
11                     October 27, 2017
     * * * * * * * * * * * * * * * * * * * * * * * * *
12
13  ORAL DEPOSITION OF EXPERIAN INFORMATION SOLUTIONS,
14  INC., 30(b)(6) WITNESS DOUGLAS HOLLON, produced as a
15  witness and duly sworn, was taken in the above-styled
16  and numbered cause on October 27, 2017, from 10:02
17  a.m. until 6:32 p.m., before Suzanne Kelly, CSR No.
18  1260, in and for the State of Texas, reported by
19  stenographic method at the Law Offices of
20  Jones Day located at 2727 N.  Harwood Street, Dallas,
21  Texas, pursuant to Federal Rules of Civil Procedure
22  and the provisions stated on the record, if any.
23
24  JOB NO.:  CA2673275
25  PAGES 1 - 330
```

Page 1

Case 2:16-cv-02978-JAD-NJK   Document 130-20   Filed 12/14/18   Page 3 of 12
Case 2:17-cv-01493-RFB-VCF   Document 96-23   Filed 11/01/18   Page 323 of 336
CONFIDENTIAL

```
 1   the CII field that lists the bankruptcy
 2   information.
 3              So when you look at the ACDV, it's
 4   the CII field that determines the bankruptcy
 5   information.
 6       Q.  I see.  And on the Subscriber Response,
 7   I see that Military Star re-reported the CII of
 8   H.  Correct?
 9       A.  Yes, they did.
10       Q.  So how did Experian decide whether to
11   favor the CII of H or the account status rating
12   of 97 in Military Star's ACDV response as it was
13   reported on Mr. Leoni's November 24th, 2016,
14   CF -- CDF?
15       A.  Okay.  We still stored the data.  It's
16   still included in bankruptcy.  It's still
17   discharged in the bankruptcy.  That's what the
18   "CII" means.  I believe the question earlier is
19   why the 97, the charge-off was not listed on the
20   CDF.
21              And at that time, I didn't know.  I
22   still don't know.  So we'll have to clarify that,
23   why it did not appear.
24       Q.  Did Experian make a choice as to whether
25   to report the bankruptcy or the charge-off status
```

Page 322

Case 2:16-cv-02978-JAD-NJK   Document 130-20   Filed 12/14/18   Page 4 of 12
Case 2:17-cv-01493-RFB-VCF   Document 96-23   Filed 11/01/18   Page 324 of 336
CONFIDENTIAL

```
 1  when it received this -- Military Star's ACDV
 2  response?
 3              MR. CUMMINGS:  Calls for
 4  speculation.
 5              THE WITNESS:  Okay.  Well,
 6  according to our records, the ACDV was processed
 7  through our automated system.  So, you know, when
 8  you say we made a choice, it was processed
 9  through our automation system.  So there wasn't a
10  choice.  It was just processed.
11  BY MR. CLARK:
12      Q.  So, if Experian didn't make a choice,
13  did it blindly rely on the information that the
14  Military Star provided to it in the ACDV
15  response?
16              MR. CUMMINGS:  Asked and answered.
17              THE WITNESS:  Right data furnishers
18  are the best source for their data.  So they
19  provided their answer.  They provided their
20  response, and we stored it.
21  BY MR. CLARK:
22      Q.  But to be clear, you did not report on
23  Mr. Leoni's CDF an account status of charge-off?
24      A.  That is correct, sir.  It's not listed
25  on the CDF.
```

Page 323

Case 2:16-cv-02978-JAD-NJK   Document 130-20   Filed 12/14/18   Page 5 of 12
Case 2:17-cv-01493-RFB-VCF   Document 96-23   Filed 11/01/18   Page 325 of 336
CONFIDENTIAL

```
1        Q.  So Experian, if nothing else, made a
2   choice about the information it was going to
3   present to Mr. Leoni in the CDF.  Correct?
4        A.  Right.  Again, you're -- you're getting
5   a wrapped-around choice.  We don't make a choice
6   of what we're going to report to Mr. Leoni.  The
7   CD -- or excuse me -- the ACDVs were processed,
8   and we provided the results to Mr. Leoni.
9                 So, it wasn't like we -- a person
10  sat there and said, "Oh, I'm not going to report
11  that.  That's not how we do business, sir.  I'm
12  sorry."
13       Q.  Did Experian make a choice when it
14  denied -- in the manner in which it designed its
15  auto ACDV processing system?
16       A.  I'm sorry.  That's not an area that I am
17  knowledgeable of.  I don't know, you know, what
18  Experian did in regards to designing our database
19  in our systems.
20       Q.  Is that something that Pat Finneran
21  might be able to answer for us?
22                MR. CUMMINGS:  Objection; calls for
23  speculation.
24                THE WITNESS:  I do not know what
25  Pat Finneran could answer to you.
```

CONFIDENTIAL

```
 1              REPORTER'S CERTIFICATION
                  ORAL DEPOSITION OF
 2
 3       EXPERIAN INFORMATION SOLUTIONS, INC., 30(b)(6)
 4                WITNESS DOUGLAS HOLLON
 5                  October 27, 2017
 6
 7       I, Suzanne Kelly, Certified Shorthand Reporter in
 8  and for the State of Texas hereby certify to the
    following:
 9       That the witness, EXPERIAN INFORMATION SOLUTIONS,
    INC., 30(b)(6) WITNESS DOUGLAS HOLLON, was duly sworn
10  by the officer and that the transcript of the oral
    deposition is a true record of the testimony given by
11  the witness;
12       I further certify that I am neither counsel for,
    related to, nor employed by any of the parties or
13  attorneys in the action in which this proceeding was
    taken, and further that I am not financially or
14  otherwise interested in the outcome of the action.
15       In witness whereof, I have this date subscribed my
    name on this 10th day of November, 2017.
16
17
18
19
20
21
22
23                  [signature: Suzanne Kelly]

24              Suzanne Kelly, CSR, RDR, CRR
25              Certification No. 1260
```

Page 330

# JONES DAY

3161 MICHELSON DRIVE • SUITE 800 • IRVINE, CALIFORNIA 92612.4408
TELEPHONE: +1.949.851.3939 • FACSIMILE: +1.949.553.7539

Direct Number: (949) 553-7523
acummings@jonesday.com

JP022961
026123-056719

December 8, 2017

<u>Via UPS</u>

Veritext Legal Solutions
Attn: Production Dept.
707 Wilshire Blvd., Suite 3500
Los Angeles, CA 90017

Re: *David Leoni v Experian Information Solutions, et al.*
<u>USDC, District of Nevada, Case No. 2:17-cv-01408-RFB-VCF</u>

Dear Sir or Madam:

Enclosed please find Douglas Hollon's signature on the Declaration for the transcript of her deposition on October 27, 2017, as Experian Information Solutions, Inc.'s Rule 30(b)(6) designee.

Additionally, Mr. Hollon has requested the following changes to the transcript:

| Page:Line | Change | Reason |
|---|---|---|
| 35:22 | Change "Final" to "File." | Typographical error |
| 60:2 | Delete "about." | Typographical error |
| 64:17 | Change "thirty" to "third." | Typographical error |
| 70:8 | Change "profits" to "policies." | Typographical error |
| 83:13 | Change "participated" to "parts." | Typographical error |
| 92:13 | Change "the inquire I propose" to "the inquiry purpose." | Typographical error |

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

**JONES DAY**

December 8, 2017
Page 2

| Page:Line | Change | Reason |
|---|---|---|
| 100:2 | Change "policies" to "policy is." | Typographical error |
| 102:16 | Change "statement" to "date." | Typographical error |
| 130:4 | Change "initially" to "initial." | Typographical error |
| 182:1 | Change "Maloney" to "Leoni." | Typographical error |
| 194:19 | Change "envelop" to "envelope." | Typographical error |
| 229:18 | Change "experiment" to "Experian." | Typographical error |
| 231:6 | Change "had" to "have." | Typographical error |
| 280:6 | Change "Alls" to "All." | Typographical error |
| 293:4 | Change "Alls" to "All." | Typographical error |

Finally, the following exhibits and testimony should be marked as "Confidential" pursuant to the amended stipulated protective order entered by the Court on February 21, 2017, in the above-referenced action:

Confidential Exhibits

Exhibit 2 (all documents in entirety)

Exhibit 2-A (all documents in entirety)

Exhibit 3 (all documents in entirety)

JONES DAY

December 8, 2017
Page 3

    Exhibit 5 (all documents in entirety)

    <u>Confidential Testimony (by Page:Line)</u>

95:19-97:9
98:2-99:12
116:12-116:22
124:6-124:19
125:5-125:17
134:24-135:24
136:9-136:25
149:8-149:16
181:3-181:8
182:4-183:22
184:3-184:11
184:22-185:6
191:14-191:23
192:3-192:23
193:12-193:25
194:10-194:24
199:16-199:24
201:6-206:16
207:7-213:1
213:15-216:22
275:6-276:8
277:6-277:19
278:7-278:15
280:18-280:21
295:6-295:15
301:7-301:17

    Thank you for your attention to this correspondence. Please contact me with any questions or concerns.

Very truly yours,

Andrew M. Cummings

# INSTRUCTIONS FOR READING/CORRECTING YOUR DEPOSITION

To assist you in making corrections to your deposition testimony, please follow the directions below. If additional pages are necessary, please furnish them and attach the pages to the back of the errata sheet.

This is the final version of your deposition transcript.

Please read it carefully. If you find any errors or changes you wish to make, insert the corrections on the errata sheet beside the page and line numbers.

If you are in possession of the original transcript, do NOT make any changes directly on the transcript.

Do NOT change any of the questions.

After completing your review, please sign the last page of the errata sheet, above the designated "Signature" line.

## ERRATA SHEET

| Page | Line | Change | Reason |
|------|------|--------|--------|
| ___ | ___ | See Attached December 8, 2017 | letter for changes |
| ___ | ___ | | |
| ___ | ___ | | |
| ___ | ___ | | |

| Page | Line | | |
|------|------|---|---|
| ____ | ____ | Change: | _____ |
| | | Reason: | _____ |
| | | Change: | _____ |
| ____ | ____ | Reason: | _____ |
| | | Change: | _____ |
| ____ | ____ | Reason: | _____ |
| | | Change: | _____ |
| ____ | ____ | Reason: | _____ |
| | | Change: | _____ |
| ____ | ____ | Reason: | _____ |
| | | Change: | _____ |
| ____ | ____ | Reason: | _____ |
| | | Change: | _____ |

__✓__ Subject to the above changes, I certify that the transcript is true and correct.

_____ No changes have been made. I certify that the transcript is true and correct.

_[signature]_          12/8/17
Signature              Date

# EXHIBIT 22

Excerpts of Nov. 6, 2017 Deposition of Plaintiff ("Plaintiff Depo")

(Redacted)