# EXHIBIT 19

**Excerpts of July 19, 2018 Deposition of Mary Methvin as Experian's 30(b)(6) witness, Cardinali v. Experian, No. 16-cv-2046-JAD-NJK (D. Nev.), as filed in Leoni, ECF Dkt. 109-2 (D. Nev. Nov. 29, 2018)**

EXHIBIT 31

Deposition Transcript of 30(B)(6) Witness Mary Ames Methvin

Dated July 19, 2018

```
 1                UNITED STATES DISTRICT COURT
                       DISTRICT OF NEVADA
 2

     LOUIS A. CARDINALI,      )
 3            Plaintiff,       )
                              )
 4   v.                       ) Case No. 2:16-cv-2046-JAD-NJK
                              )
 5   PLUSFOUR, INC.; RC        )
     WILLEY HOME               )
 6   FURNISHINGS; WEBBANK/    )
     DELL FINANCIAL           )
 7   SERVICES; EQUIFAX        )
     INFORMATION SERVICES,    )
 8   LLC; and EXPERIAN        )
     INFORMATION SOLUTIONS,   )
 9   INC.,                    )
              Defendant.      )
10
                 ------------------------------------------------
11           ORAL DEPOSITION OF EXPERIAN INFORMATION
12                SOLUTIONS, INC. BY AND THROUGH
13            ITS DESIGNATED 30(B)(6) REPRESENTATIVE
14                    MARY AMES METHVIN
15                     JULY 19, 2018
                 ------------------------------------------------
16

17

     (PORTIONS OF THIS TRANSCRIPT CONTAIN CONFIDENTIAL
18   INFORMATION PURSUANT TO A PROTECTIVE ORDER ISSUED IN
     THIS CASE AND ARE FOR ATTORNEYS' EYES ONLY.  PLEASE
19   CONSULT COUNSEL PRIOR TO REVIEW.)

20

21           ORAL DEPOSITION OF MARY AMES METHVIN, produced
22   as a witness at the instance of the PLAINTIFF, and duly
23   sworn, was taken in the above-styled and numbered cause
24   on the 19th day of July, 2018, from 9:04 a.m. to 5:27
25   p.m., before TINA TERRELL BURNEY, CSR in and for the
```

                                                    Page 1

1 State of Texas, reported by machine shorthand, at the
2 offices of Jones Day, 2727 North Harwood, Suite 500,
3 Dallas, Texas 75201, pursuant to the Federal Rules of
4 Civil Procedure.
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 2

1            INDEX
2                              PAGE
3 Appearances.................................  3
4 WITNESS:  MARY AMES METHVIN
5 Examination by Mr. Clark......................   7
6 Examination by Mr. Hall........................ 283
7 Further Examination by Mr. Clark.............. 296
8 Signature and Changes......................... 298
9 Reporter's Certificate........................ 300
10
11
12           EXHIBITS
13     DESCRIPTION                    PAGE
14 Exhibit 1   Plaintiff's Fourth Amended Notice
             Bates 30B6 Depo 000001-000031......   13
15
     Exhibit 2   Disclosure Logs....................   34
16
     Exhibit 3   Deposition of Ms. Methvin 8/10/16
17          Bates 30B6 Depo 000874-000912......   82
18 Exhibit 4   Letter from Mr. Cardinali to
             Experian 10/6/15
19          Bates 30B6 Depo 000032-000067......  121
20 Exhibit 5   EPC Sorter Manual
             Bates 30B6 Depo 000532-000590......  136
21
     Exhibit 6   First Amended Complaint
22          Bates 30B6 Depo 000917-000938......  157
23 Exhibit 7   Credit Profile From Experian
             Bates 30B6 Depo 000596-000616......  195
24
     Exhibit 8   Dispute: Trades
25          Bates 30B6 Depo 000131-000320......  211

Page 4

1         A P P E A R A N C E S
2 FOR THE PLAINTIFF:
3    Mr. Miles N. Clark
     KNEPPER & CLARK LLC
4    10040 W. Cheyenne Avenue, Suite 170-109
     Las Vegas, Nevada  89129
5    710.825.6060  Fax 702.447.8048
     miles.clark@knepperclark.com
6
     Mr. Mohammed Omar Badwan
7    SULAIMAN LAW GROUP, LTD.
     2500 S. Highland Avenue, Suite 200
8    Lombard, Illinois  60148
     630.575.8180  Fax 630.575.8181
9    mbadwan@sulaimanlaw.com
10   Mr. Matthew C. De Re (APPEARING BY TELEPHONE)
     ZIMMERMAN LAW OFFICES, P.C.
11   77 West Washington Street, Suite 1220
     Chicago, Illinois  60602
12   312.440.0020  Fax 312.440.4180
     matt@attorneyzim.com
13
14 FOR THE DEFENDANTS:
15   Mr. Christopher A. Hall
     JONES DAY
16   77 W. Wacker Avenue
     Chicago, Illinois  60601
17   312.782.3939  Fax 312.782.8585
     chall@jonesday.com
18
19
20
21
22
23
24
25

Page 3

1        EXHIBITS (cont'd)
2     DESCRIPTION                    PAGE
3 Exhibit 9   ACDV Procedures
             Bates 30B6 Depo 000394-000531......  229
4
     Exhibit 10  e-OSCAR Disputes and Updates
5          Bates 30B6 Depo 000321-000387......  239
6 Exhibit 11  G, H, I and J Updates for
             Mr. Cardinali
7          Bates 30B6 Depo 000811-000812......  248
8 Exhibit 12  Experian's Third Amended Objections
             and Responses to Plaintiff's First
9            Set of Interrogatories
             Bates 30B6 Depo 000758-000763......  250
10
     Exhibit 13  Experian's Amended Objections and
11           Responses to First Set of Requests
             for Admissions
12          Bates 30B6 Depo 000764-000787......  258
13 Exhibit 14  Experian's Answers to Second Set of
             Requests for Production
14          Bates 30B6 Depo 000788-000810......  269
15 Exhibit 15  2015 Credit Reporting Resource
             Guide
16          Bates 30B6 Depo 000388-000393......  273
17
18
19
20
21
22
23
24
25

Page 5

2 (Pages 2 - 5)

1    Q.   And by the time that -- when Experian says
2  under "Results," "We have completed the process of your
3  dispute," does that indicate that Mr. Cardinali's
4  reinvestigation is complete aside from the transmission
5  of the results?                          02:11PM
6    A.   Yes, sir.
7    Q.   Let's look at the middle column.
8    A.   Okay.
9    Q.   I want to direct you there.  There are a few
10  dashes with some paragraphs set off there.  I want to      02:11PM
11  direct your attention to the third dash which begins,
12  "Requests that we send these results."  Do you see where
13  I'm looking?
14    A.   Yes, sir.
15    Q.   Now, as I read that, it says this is something   02:11PM
16  that the consumer can request to have done, to have
17  their results sent to organizations that are
18  specifically designated?
19    A.   Yes.
20    Q.   And as used in this sentence, what does these   02:11PM
21  results mean?
22    A.   It means the results that these items were --
23  the results of these specific accounts or these results
24  for this dispute.
25    Q.   So by these results, do you mean Experian's      02:12PM

Page 186

1  break?
2         MR. HALL:  Sure.
3         (Recess.)
4    Q.   All right.  Ms. Methvin, just to clarify,
5  would it be -- is it Experian's policy in a circumstance   02:27PM
6  where it receives a dispute that accounts included in
7  bankruptcy where the account was open before the
8  bankruptcy and Experian can verify that the account
9  was -- that the bankruptcy is on file, is it Experian's
10  policy not to send an ACDV to the data furnisher in that   02:28PM
11  circumstance?
12    A.   Well, it depends on what the consumer's
13  dispute is.  If the consumer says something to the
14  effect like, "This was included in my bankruptcy, and
15  you have the open date wrong," or, "This was included in   02:28PM
16  my bankruptcy, and also it was never late."
17         So if there are other elements of the
18  trade that need to be verified, then we need to send an
19  ACDV.  But if the dispute was simply, "This was in my
20  bankruptcy," and we can update it to show it included in   02:28PM
21  bankruptcy without notifying the data furnisher, we
22  would.
23         But like I said, it depends on what the
24  consumer is saying.
25    Q.   And we would see an indication on Experian's      02:28PM

Page 188

1  reinvestigation?
2    A.   For this case, yes, sir.
3    Q.   Would that be the entire CDF?
4    A.   I believe it would be the same type of
5  information that was sent to the consumer.  So if an       02:12PM
6  abbreviated CDF was sent to the consumer, then an
7  abbreviated CDF would be sent to whoever they designate.
8  Or if we send a full disclosure, it would be a full
9  disclosure.  I'm pretty sure that's how that works.
10    Q.   And this reinvestigation, is this a full        02:12PM
11  disclosure to Mr. Cardinali?
12    A.   I believe that it is.  Without looking -- I
13  can look at the DR log and tell you.  Give me a second.
14    Q.   I believe that is Exhibit 2.
15    A.   Yes, it was.                       02:13PM
16    Q.   So the whole CDF and the dispute results would
17  be sent to the person who --
18    A.   That he would designate, as long as there's
19  someone who reviewed his credit report, I guess, in the
20  last two years for employment purposes or the last six    02:13PM
21  months, or 12 months for certain states.
22    Q.   For employment purposes, right?
23    A.   Two years for employment purposes or six
24  months for other purposes, yes, sir.
25         MR. CLARK:  Do you guys want to take a          02:14PM

Page 187

1  choice on whether to send an ACDV or a DRN on the DR
2  log, right?
3    A.   Yes, sir.  You can see what the agent did by
4  looking in the DR log.
5    Q.   We were talking before about the               02:29PM
6  reinvestigation document and the potential that that
7  document could be sent to people of Mr. Cardinali's
8  choosing, correct?
9    A.   Well, anybody that people -- entities of his
10  choosing that had looked at his credit report, yes, sir.  02:29PM
11    Q.   So this information on the CDF could be sent
12  to a third party?
13    A.   If he asked us to, yes, sir.
14    Q.   You can set that aside -- or actually I spoke
15  too soon.  I'm sorry.                     02:30PM
16         Should a consumer's correspondence be
17  attached to the DRN?
18         MR. HALL:  Objection, form.
19    A.   Well, if the information that's in the
20  correspondence is used to make the internal change.  So,  02:30PM
21  for example, if the consumer gave us a copy of a
22  canceled check and we used that to make the update, then
23  we would attach the correspondence to the DRN.
24    Q.   In this case, did Experian use Mr. Cardinali's
25  correspondence to determine what type of dispute          02:31PM

Page 189

48 (Pages 186 - 189)

Case 2:17-cv-02368-APG-JCM   Document 80-12   Filed 12/15/18   Page 5 of 5

1    I declare under penalty of perjury

2  under the laws that the foregoing is

3  true and correct.

4

5    Executed on _____ , 20___,

6  at _____, _____.

7

8

9

10

11    _____

12    MARY AMES METHVIN

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 298

---

1  the witness;

2    I further certify that pursuant to FRCP Rule

3  30(f)(1) that the signature of the deponent:

4    _XXX_____ was requested by the deponent or a

5  party before the completion of the deposition and is to

6  be returned within 30 days from date of receipt of the

7  transcript.  If returned, the attached Changes and

8  Signature Page contains any changes and the reasons

9  therefor;

10    _____ was not requested by the deponent or a

11  party before the completion of the deposition.

12    I further certify that I am neither attorney

13  or counsel for, nor related to or employed by, any of

14  the parties or attorneys to the action in which this

15  deposition was taken.  Further, I am not a relative or

16  employee of any attorney of record in this case, nor am

17  I financially interested in the outcome of the action.

18    Subscribed and sworn to on this the 28th

19  day of July, 2018.

20

21

22

23    TINA TERRELL BURNEY, CSR No. 2908

24    Certified Shorthand Reporter

    in and for the State of Texas

25    Certification expires 12/31/18

Page 300

---

1    UNITED STATES DISTRICT COURT
      DISTRICT OF NEVADA

2

  LOUIS A. CARDINALI,    §

3      Plaintiff,   §
              §

4  v.              § Case No. 2:16-cv-2046-JAD-NJK
              §

5  PLUSFOUR, INC.; RC    §
  WILLEY HOME        §

6  FURNISHINGS; WEBBANK/  §
  DELL FINANCIAL      §

7  SERVICES; EQUIFAX     §
  INFORMATION SERVICES, §

8  LLC; and EXPERIAN      §
  INFORMATION SOLUTIONS, §

9  INC.,           §
      Defendant.  §

10

11    _____

12    REPORTER'S CERTIFICATION

13      TO ORAL DEPOSITION OF

14    EXPERIAN INFORMATION SOLUTIONS, INC.

15    BY AND THROUGH ITS DESIGNATED 30(B)(6)

16    REPRESENTATIVE MARY AMES METHVIN

17      JULY 19, 2018

18    _____

19

20    I, Tina Terrell Burney, Certified Shorthand

21  Reporter in and for the State of Texas, hereby certify

22  to the following:

23    That the witness, MARY AMES METHVIN, was duly

24  sworn by the officer and that the transcript of the oral

25  deposition is a true record of the testimony given by

Page 299

---

76 (Pages 298 - 300)