# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| John Ashcraft, | Case No.: 2:16-cv-02978-JAD-NJK |
| Plaintiff | |
| v. | **Order Granting Motions to Seal and Redact Judicial Records** |
| Welk Resort Group, Corp., et al., | [ECF Nos. 128, 132] |
| Defendants | |

Ashcraft moves to redact and seal judicial records that he provided with his motions to certify a class and for summary judgment.[1] "The public has a 'general right to inspect and copy public records and documents including judicial records and documents.'"[2] "Although the common law right of access is not absolute, '[courts] start with a strong presumption in favor of access to court records.'"[3] "A party seeking to seal judicial records can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure."[4] "When ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[5]

---

[1] ECF Nos. 128 (for certification), 132 (for summary judgment).

[2] *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Commcns., Inc.*, 435 U.S. 589, 597 (1978)).

[3] *Id.* at 1119 (quoting *Foltz v. St. Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[4] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[5] *Id.* (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

"To seal the records, the district court must articulate a factual basis for each compelling reason to seal[,] [which] must continue to exist to keep judicial records sealed."[6] The Ninth Circuit has, however, "'carved out an exception to the presumption of access' to judicial records" that is "'expressly limited to' judicial records 'filed under seal when attached to a non-dispositive motion.'"[7] "Under the exception, 'the usual presumption of the public's right is rebutted[,]'" so "a particularized showing of 'good cause' under [FRCP] 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions."[8]

**A.    Class-certification exhibits 1–3 and summary-judgment exhibits 1–7 and 21**

I have reviewed Ashcraft's class-certification exhibits 1–3 and his summary-judgment exhibits 1–7 and 21 in camera, and I conclude that Ashcraft has shown good cause and compelling reasons to redact portions of these judicial records because they contain personal identifiers for individuals like birthdates, phone numbers, addresses, SSNs, taxpayer numbers, and credit- and bank-account numbers.  These judicial records consist of excerpts of Ashcraft's bankruptcy petition, discharge order, driver's license, promissory note, deed of trust, dispute letter, credit reports, and an ACDV response between Experian and Welk Resort Group.  Though Ashcraft has placed his financial history at issue in this litigation, balancing the public's need to access information about Ashcraft's financial history against his need to maintain the confidentiality of his personal information weighs in favor of redacting these judicial records. Ashcraft correctly points out that these exhibits are also subject to redaction under LR IC 6-1 and

---

[6] *Id.* (citing *Kamakana*, 447 F.3d at 1179; *Foltz*, 331 F.3d at 1136).

[7] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[8] *Id.* (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002); *Foltz*, 331 F.3d at 1135, 1138).

FRCP 5.2. Thus, I grant Ashcraft's motion to redact his certification exhibits 1–3 and his summary-judgment exhibits 1–7 and 21.

**B.    Class-certification exhibits 4–8 and summary-judgment exhibits 8–12 and 24**

I have also reviewed Ashcraft's class-certification exhibits 4–8 and his summary-judgment exhibits 8–12 and 24 in camera, and I conclude that Ashcraft has shown good cause and compelling reasons to seal these judicial records. These judicial records consist of logs and reports that Experian generated about the maintenance of its credit file for Ashcraft. Experian employee Douglas Hollon declares that these judicial records contain enough codes and other information about the architecture of Experian's proprietary matching system and credit procedures that a competitor could reverse-engineer the rules governing that system, which Experian spent millions of dollars and many years to create.[9] These judicial records also consist of policies and procedural manuals. Hollon explains that these records are not publicly disclosed, were costly to create, and contain enough detail about Experian's computer systems and software that a competitor could use them to its own advantage and identity thieves could use them to develop methods to circumvent Experian's protections.[10] Though Experian's policies, practices, and systems are at issue in this litigation, balancing the public's need to access general information about those matters against Experian's need to maintain the confidentiality of the details and specifics of those matters favors sealing these judicial records. Thus, I grant Ashcraft's motion to seal his class-certification exhibits 4–8 and his summary-judgment exhibits 8–12 and 24.

---

[9] ECF No. 128-1 at ¶¶ 5–11.

[10] *Id.* at ¶¶ 12–16.

Accordingly, IT IS HEREBY ORDERED that Ashcraft's motions to seal and redact judicial records **[ECF Nos. 128, 132] are GRANTED.** The Clerk of Court is directed to maintain the seal on these judicial records.

_____
U.S. District Judge Jennifer A. Dorsey
September 26, 2019