UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| John E. Ashcraft,<br><br>　　　Plaintiff<br><br>v.<br><br>Welk Resort Group, Corp., et al.,<br><br>　　　Defendants | Case No.: 2:16-cv-02978-JAD-NJK<br><br>**Order Overruling Objections and Affirming Magistrate Judge's Order Denying Motions to Compel**<br><br>[ECF No. 125] |

　　　Plaintiff John E. Ashcraft contends that consumer reporting agency (CRA) Experian Information Solutions, Inc. violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681–1681x , and Nevada's consumer-reporting statutes when it failed to reasonably reinvestigate Ashcraft's dispute about his account with Welk Resort Group, Corp. and later reported inaccurate information about that account.[1] Ashcraft alleges four claims for relief against Experian, three of which he seeks to assert as a class action.

　　　Ashcraft twice moved to compel class discovery from Experian. Magistrate Judge Koppe denied Ashcraft's motions, finding that the information he sought was unduly burdensome and not proportional to the needs of the case.[2] Ashcraft objects to Judge Koppe's order,[3] which is fully briefed,[4] arguing that his objection is "taken only out of an abundance of caution"; if the court agrees that his proposed classes can be ascertained and certified on the existing evidence,

---

[1] ECF No. 78 (first amended complaint).
[2] ECF No. 122.
[3] ECF No. 125.
[4] ECF No. 135 (response).

then it "will not need to pass on these objections" except for his 46th Request for Production (RFP 46).[5]

A new wrinkle requires me to heed Ashcraft's instruction to consider only RFP 46, but not for the reasons he envisions. I recently granted summary judgment in Experian's favor on the individual claims that Ashcraft also sought to assert on a class basis.[6] Because entering summary judgment against Ashcraft on those claims obviated the need for me to consider whether his meritless claims "should form the basis of a class action,"[7] I denied his motion for class certification and related relief.[8] Now that class certification is no longer an issue in this case, I consider only Ashcraft's objection about RFP 46. Ashcraft argues that the magistrate judge mistakenly overlooked RFP 46 or lumped it together with his requests seeking meta- or class discovery, which he contends RFP 46 does not seek. I am not persuaded that the magistrate judge made either mistake, so I overrule Ashcraft's objection and affirm Judge Koppe's order.

**Discussion**

**A.     Legal standard for appeals of matters finally decided by magistrate judge**

A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[9] This standard of review "is significantly deferential" to a

---

[5] ECF No. 125 at 2.

[6] ECF No. 154.

[7] *Corbin v. Time Warner Entert.-Advance/Newhouse P'ship*, 821 F.3d 1069, 1084–85 (9th Cir. 2016) (collecting cases) ("[T]he district court has no need to entertain [the plaintiff's] attempt to certify a class without a claim").

[8] ECF No. 155.

[9] L.R. IB 3-1(a).

magistrate judge's determination.[10] A district court overturns a magistrate judge's determination under this standard only if it has "a definite and firm conviction that a mistake [of fact] has been committed"[11] or a relevant statute, law, or rule has been omitted or misapplied.[12]

**B.    Request for production no. 46**

Ashcraft's RFP 46 asks Experian to "produce all [d]ocuments [that] provide a technical representation of the internal logic of Auto ACDV Processing, including [d]ocuments [that] contain (1) the source code and/or algorithms contained therein, and (2) the [d]ocuments from which that information informing the source code is drawn."[13] Judge Koppe denied Ashcraft's request to compel responses to RFP 46, categorizing the request as seeking meta-discovery—which she described as discovery about the procedures, methods, and technologies of a party's own electronically stored information—and concluding "that the circumstances of this case do not justify the meta-discovery requested."[14] Ashcraft argues that Judge Koppe mistakenly either failed to address RFP 46 at all or improperly lumped it with the other requests at issue in his first motion to compel, which all sought to compel class or meta-discovery.[15] According to Ashcraft, RFP 46 doesn't seek "technical" or "meta" discovery, but merits discovery about the auto-ACDV process that Experian used when it reinvestigated his dispute.[16]

---

[10] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993).

[11] *Id.* (internal quotation marks omitted).

[12] *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

[13] *See* ECF No. 102 at 17.

[14] ECF No. 122 at n.2 (referring to the requests at issue in Ashcraft's first motion to compel).

[15] ECF No. 125 at 24.

[16] *Id.*

3

While the request arguably seeks both meta-discovery and merits discovery, its overly broad nature places it in the meta-discovery bucket. Indeed, by the plain language of this request, Ashcraft does not seek documents about the process that Experian used to reinvestigate his dispute, but Experian's source code for that system and the documents that form the bases of that code. Ashcraft's point that he "needs a representation of how Auto ACDV [p]rocessing works in order to ascertain its effectiveness, as well as to troubleshoot any flaws,"[17] lays bare the fact that this request seeks meta-discovery. Ashcraft also argues that he needs these documents because "[n]either Experian's [Rule] 30(b)(6) witness nor its in-house expert was able to explain auto-ACDV processing."[18] But Ashcraft cites no place in the record where he asked Experian's witness and expert to explain auto-ACDV processing to him. And his detailed statement of facts in his summary-judgment motion on this topic, complete with copious citation to the deposition transcripts of Experian's Rule 30(b)(6) and expert witnesses, belies this assertion.[19] So I am not left with a definite and firm conviction that the magistrate judge made a mistake when she construed RFP 46 as seeking meta-discovery and denied Ashcraft's motion to compel because the needs of this case do not justify the documents sought under it.

## Conclusion

IT IS THEREFORE ORDERED that Ashcraft's objection **[ECF No. 125]** to the magistrate judge's order **[ECF No. 122] is OVERRULED**. I affirm the magistrate judge's order in all respects. Ashcraft's motions to compel **[ECF Nos. 102, 109] are DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
March 24, 2021

---

[17] *Id.* at 17.
[18] ECF No. 102 at 16.
[19] ECF No. 130 at 5–10, ¶¶ 4–14.